**Larry Roland ANDERSON, Appellant,**

v.

**The HOME INSURANCE COMPANY, Appellee.**

No. 83–1663.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 20, 1983.

Decided Dec. 28, 1983.

Rehearing and Rehearing En Banc Denied Feb. 8, 1984.

Larry Roland Anderson, pro se.

Ben J. Weinberger, St. Louis, Mo., for appellant.

Daniel T. Rabbitt, Charles E. Reis, IV, Brown, James & Rabbitt, P.C., St. Louis, Mo., for appellee, Home Ins. Co.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

This is an appeal from a dismissal by the district court under Fed.R.Civ.P. 37(b)(2)(C) for failure to answer interrogatories. Acting *pro se,* Larry Roland Anderson sued the Home Insurance Company in state court on an insurance policy, alleging libel and wrongful denial of a claim. Home Insurance had refused to indemnify his claimed fire loss, citing a finding of arson and Anderson's failure to document his insured property. Anderson amended the complaint adding as a defendant his insurance agent, Paul H. Politte, Inc., and thereby destroying diversity jurisdiction. Nevertheless, Home Insurance petitioned for removal to the United States District Court under 28 U.S.C. § 1441, alleging fraudulent joinder. The District Court found the joinder to be fraudulent, allowed removal under 28 U.S.C. § 1441, assumed jurisdiction un-

der 28 U.S.C. § 1332, and dismissed Anderson's claim against Politte for misjoinder under Fed.R.Civ.P. 21.

Home Insurance subsequently propounded interrogatories which Anderson failed to answer. The district court ordered Anderson to answer under Fed.R.Civ.P. 37(a). After a month without response from Anderson and four months after the filing of the interrogatories, the district court, under Fed.R.Civ.P. 37(b)(2)(C), dismissed the complaint with prejudice for failure to comply with its order. We affirm.

 Anderson argues first that the district court improperly assumed jurisdiction on removal from the state court and improperly dismissed Politte. Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal. *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir.1979). Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant. *Tedder,* 590 F.2d at 117. In this case joinder is fraudulent. On the face of the pleadings, Anderson stated no claim against Politte: Anderson and Home Insurance were the only parties to the contract, and Politte apparently was uninvolved in the libel claim. As a result, Politte is not an indispensable party, *see* Fed.R.Civ.P. 19(a), and under Fed.R.Civ.P. 21 the district court properly dismissed Anderson's claim against Politte.

 Anderson also argues that the district court abused its discretion when, under Fed.R.Civ.P. 37(b)(2)(C), it dismissed his complaint with prejudice for failure to obey its order regarding discovery. We cannot agree. Decisions regarding sanctions are for the district court, and will only be reversed for abuse of discretion. *Fox v. Studebaker-Worthington, Inc.,* 516 F.2d 989 (8th Cir.1975). Nevertheless, dismissal with prejudice for failure to comply with discovery rules is an extreme sanction, often reserved for willful or bad faith default, *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1095–1096, 2 L.Ed.2d 1255 (1958). This Court has determined

that a deliberate default suffices. *Lorin Corp. v. Goto & Co., Ltd.,* 700 F.2d 1202, 1208 (8th Cir.1983). *Lorin* suggests that deliberateness includes failure to respond to discovery requests, even with extensions, and failure to provide full information after a court order. Under this standard, Anderson's failure constitutes deliberate default. For four months Anderson ignored the interrogatories and a court order. Moreover, the district court dismissed his two previous suits in this matter for incomplete answers to interrogatories. Therefore, despite the severity of the sanction, Anderson's silence warrants dismissal.

The district court's dismissal is affirmed.