**SCIENTIFIC COMPUTERS, INC., a Minnesota corporation, Plaintiff,**

v.

**EDUDATA CORPORATION, a Delaware corporation, and Craig-Hallum, Inc., a Minnesota corporation, Defendants.**

**Civ. No. 4–84–980.**

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 4, 1984.

James Altman, Dorsey & Whitney, Minneapolis, Minn., for plaintiff.

Robert Sheran, and Thomas E. Glennon, Lindquist & Vennum, Minneapolis, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

This case arises from a tender offer commenced by Edudata Corporation (Edudata), a Delaware corporation, on September 20, 1984, for all outstanding shares of the common stock of Scientific Computers, Inc. (SCI), a Minnesota corporation. On September 25, 1984, SCI brought this suit in state court against defendants Edudata and Craig-Hallum, Inc. (Craig-Hallum), a Minnesota brokerage corporation, alleging violations of the Minnesota Corporate Take-Overs Act, Minn.Stat. Ch. 80B, and the Minnesota Business Corporation Act, Minn.Stat. Ch. 302A. On September 26, 1984 Judge Irving Iverson issued a temporary restraining order enjoining Edudata and Craig-Hallum from, among other things, proceeding with, causing or aiding and abetting the tender offer by Edudata to purchase shares of SCI from residents of Minnesota. That same day, Edudata filed a verified petition for removal of the state court action to this court, pursuant to 28 U.S.C. § 1441. Jurisdiction is alleged under 28 U.S.C. § 1332. This matter is now before the court upon SCI's motion to remand.

Edudata and SCI have also filed companion cases in this court. On September 28, 1984, this court issued an order denying Edudata's motion for a temporary restraining order to enjoin SCI and certain state officials from taking actions under Minnesota law in connection with its tender offer and granting SCI's motions for a temporary restraining order suspending Edudata's tender offer pending further hearing and for expedited discovery. A hearing on competing motions for a preliminary injunction was set for October 17, 1984.

SCI argues that Edudata has no right to remove under 28 U.S.C. § 1441(a) because there is incomplete diversity of citizenship since Craig-Hallum is a Minnesota corporation. Thus, it argues there is no original

jurisdiction and the case must be remanded under 28 U.S.C. § 1447(c).[1]

Edudata claims, however, that SCI's joinder of Craig-Hallum is a sham, calculated to defeat federal diversity jurisdiction. Edudata contends that the circumstances of the joinder illustrate that SCI does not intend to obtain a judgment against both Edudata and Craig-Hallum. Specifically, Edudata argues that if it were necessary to enjoin the dissemination of tender offer materials by broker-dealers or market makers, then all should have been joined. It notes that SCI could have enforced the state restraining order simply by serving notice on the broker-dealers, and that no allegations were made against broker-dealers in the federal court suit that SCI began only twenty-four hours later.

Edudata also submitted affidavits of George Bonniwell and Richard C. Heimerl of Craig-Hallum to show that the joinder was not bona fide. These affidavits indicate that William Payne of the Dorsey & Whitney law firm, upon informing Craig-Hallum of the suit, told Bonniwell that Craig-Hallum was the "lucky one" and that other brokerage firms were not included because of potential conflicts of interest with SCI's counsel. Bonniwell affidavit at 2. When Heimerl asked why Craig-Hallum was being singled out, Payne did not respond, but then stated that any inconvenience to it would be slight. Heimerl affidavit at p. 2.

Edudata notes that Payne did not suggest in these conversations that SCI believed that Craig-Hallum had any relationship with Edudata, that Craig-Hallum had been contacted by Edudata about distributing tender offer materials, or that Craig-Hallum was in the process of distributing Edudata tender offer materials. *Id.* Further, Payne was informed that Craig-Hallum would abide by any injunction against Edudata whether it was joined or not.

Bonniwell affidavit at 2. Finally, the affidavits state that Payne did not inquire as to who would act as Craig-Hallum's counsel and that no complaint had been received by Craig-Hallum as of October 2, 1984.

SCI claims that it needed to join a broker-dealer to obtain complete relief since some of the tender offer materials had already been distributed, that joining all broker-dealers would have been too cumbersome, and that Craig-Hallum was chosen because it is a client of the law firm of Lindquist & Vennum. SCI also argues that the issuance of a restraining order by Judge Iverson against Edudata and Craig-Hallum supports its position that joinder was legitimate. It made no attempt to refute the facts asserted in the affidavits supplied by Edudata in opposition to the motion to remand.

■ The court has carefully reviewed the parties' positions and finds that the motion for remand should be denied. It is well established that a resident defendant who is joined to defeat federal jurisdiction should be disregarded in determining the existence of diversity jurisdiction. *Leonard v. St. Joseph Lead Co.*, 75 F.2d 390 (8th Cir.1935). Joinder is a sham if the plaintiff has no real intention to obtain a joint judgment. *Bolstad v. Central Surety & Insurance Corp.*, 168 F.2d 927, 929 (8th Cir.1948); *Harrelson v. Missouri Pacific Transport Co.*, 87 F.2d 176 (8th Cir. 1936); *Marquette National Bank v. First National Bank*, 422 F.Supp. 1346 (D.Minn. 1976). To determine removability, where specific allegations of fraudulent joinder have been made, a court may pierce the pleadings and consider the entire record. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82 (10th Cir.1964).

■ The record before the court suggests that Craig-Hallum was singled out to

---

1. 28 U.S.C. § 1441(a) provides in pertinent part:
 [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States.

28 U.S.C. § 1447(c) provides:
 If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

avoid federal diversity jurisdiction rather than to obtain full relief or a needed judgment. SCI did not need to join Craig-Hallum to obtain a complete remedy since, pursuant to Fed.R.Civ.P. 65(d), injunctive relief could have been enforced against broker-dealers merely by sending notice of the court's order. Moreover, the fact that SCI did not join any broker-dealers in its federal action is telling. Most damaging to SCI's claim of bona fide joinder, however, were the unrefuted facts of the submitted affidavits illustrating the nature of the notice given to Craig-Hallum of its inclusion in the suit. These facts suggest that Craig-Hallum was a straw defendant set up for plaintiff's convenience since Craig-Hallum was indistinguishable from other broker-dealers or market makers and had no financial stake in the tender offer or any relationship to Edudata. Finally, since the issue of improper joinder was not raised at the state hearing for a restraining order, Judge Iverson had no occasion to determine that issue.

Because of the determination that Craig-Hallum was joined in the state action to defeat this court's jurisdiction, the action is properly removable. It is unnecessary to discuss the other issues raised by the parties.

## ORDER

Accordingly, based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motion of Scientific Computers, Inc. to remand pursuant to 28 U.S.C. § 1447(c) is denied.