654 F.Supp. 661 (1987)
William MONROE, Jr., et al., Plaintiffs,
v.
CONSOLIDATED FREIGHTWAYS, INC., et al., Defendants.
No. 86-2498C(6).
United States District Court, E.D. Missouri, E.D.
March 2, 1987.
*662 Elbert Dorsey, Collier, Dorsey & Edwards, St. Louis, Mo., for plaintiffs.
Raymond Beagle, Jr., Gage & Tucker, Kansas City, Mo., Charles McCarter, Gage & Tucker, Clayton, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
In November 1986 plaintiffs William Monroe, Jr. and Ezell Wright lost their positions as supervisory employees of defendant Consolidated Freightways, Inc. (Consolidated) after refusing to submit to a drug test administered by the company. Consolidated required the test of the thirtyseven supervisory employees at its Riverview, Missouri terminal. Of these, thirtytwo took the test and passed, and three recently hired employees relied on the negative results of tests administered at the time of their application for employment. On December 1, 1986 plaintiffs unsuccessfully petitioned the Circuit Court for the City of St. Louis for a Temporary Restraining Order enjoining defendant from administering drug tests to its supervisory personnel. The Circuit Court set the cause for a preliminary injunction hearing on December 15, 1986. On December 12, 1986 defendants removed the action to this Court, pursuant to 28 U.S.C. § 1441(b), invoking jurisdiction under 28 U.S.C. § 1332.
Both plaintiffs in this action are citizens of Missouri, as is defendant Bogle. While this lack of diversity between the parties would ordinarily defeat the jurisdiction of this Court, defendants argue that plaintiffs improperly joined defendant Bogle and hence that the Court should not consider his citizenship in determining whether it has jurisdiction over the action. See generally 14A C. Wright & A. Miller, Federal Practice & Procedure § 3723 (1985). Defendant Consolidated is incorporated and has its principal place of business in Delaware.
In order to prove fraudulent joinder the removing party must show either that there is no possibility that the plaintiff would be able to establish a *663 cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.
B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir.1981) (emphasis in original).
Defendants have not alleged fraud in the pleading of jurisdictional facts; therefore the sole issue before this Court is whether plaintiffs have stated a basis for recovery against defendant Bogle under Missouri law. Anderson v. Home Insurance Co., 724 F.2d 82, 84 (8th Cir.1983); Miller, 663 F.2d at 549. Defendants bear the burden of proof on this issue, Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir.1983), and all contested fact issues must be resolved in favor of plaintiffs. Miller, 663 F.2d at 549. In ruling on the issue, the Court may consider the pleadings, supporting affidavits, and the motion for remand and supporting affidavits. Coker, 709 F.2d at 1440.
Plaintiffs' complaint alleges that defendant Bogle informed them of their termination from employment at Consolidated. The complaint contains no allegations concerning defendant Bogle's position at Consolidated. Plaintiffs' motion to remand suggests that Bogle's actions were "not necessarily within the boundary of his job title or position"; however, the Court deems this inadequate to counter the sworn affidavit of defendant Bogle, in which he attests that at the time of the events giving rise to this suit he was the Terminal Manager of the Riverview Consolidation Center of Consolidated Freightways Motor Freight in St. Louis with oversight responsibilities for terminal operations. Defendant Bogle attests that his actions with regard to personnel at the terminal were undertaken solely in this capacity as agent of Consolidated.
Plaintiffs have provided the Court with no rebuttal evidence in support of their motion to remand. Plaintiffs do not allege that Mr. Bogle instituted the policy of drug testing at ConsoEdated or that he had any independent authority to terminate their employment. Mr. Bogle's affidavit demonstrates that whatever action he took against plaintiffs he took as an agent of and at the instance of Consolidated. Plaintiffs have failed to allege conduct on the part of defendant Bogle that would entitle them to recovery against him under Missouri law. Plaintiffs' good faith belief that they had a cause of action against defendant Bogle defeats neither his dismissal from the suit for fraudulent joinder nor removal on the basis of diversity jurisdiction. 14A C. Wright & A. Miller, Federal Practice & Procedure § 3723 at 354.
For the foregoing reasons, this Court finds that defendant Bogle was fraudulently joined and that his citizenship should be discounted in determining the jurisdiction of this Court. As complete diversity exists between plaintiffs and defendant Consolidated, jurisdiction is properly invoked under 28 U.S.C. § 1332 and removal from state court was proper under 28 U.S.C. § 1441(b). Plaintiffs' motion for remand is accordingly denied.
Plaintiffs' suit against the remaining defendant, Consolidated, asserts three grounds for recovery: 1) that defendant's institution of a drug-testing policy violated plaintiffs' rights under the Fourth Amendment to the United States Constitution; 2) that institution of the policy violated plaintiffs' rights under Article One of the Missouri Constitution; and 3) that institution of the policy violated the public policy of the State of Missouri. None of these grounds supports a claim for relief against defendant Consolidated.
Plaintiffs' first and second claims must fail because plaintiffs therein seek redress for purely private conduct. The proscription against unauthorized searches and seizures embodied in both the Fourth Amendment to the United States Constitution and Article One of the Missouri Constitution applies exclusively to government or state action. United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984); Garmon v. Foust, 741 F.2d 1069 (8th Cir.1984) (United States Constitution); State v. Overby, 432 S.W.2d 277 (Mo.1968) (Missouri Constitution).
*664 Plaintiffs' third asserted ground for recovery also fails to support a legally cognizable claim. Missouri does not recognize "violation of public policy" as an independent cause of action. Neither does Missouri recognize a cause of action for wrongful discharge based on a violation of public policy. Furthermore, this Court would be reluctant to find that efforts to assure a drug-free environment contravened the public policy of the State of Missouri.
Accordingly, plaintiffs' complaint is dismissed for failure to state a cause of action.