Russell HAYDEN, et al.

v.

PHILLIPS PETROLEUM CO., et al.

Civ. A. No. 92–156.

United States District Court,
E.D. Louisiana.

March 5, 1992.

---

Philip F. Cossich, Jr., Stephen M. Wiles, Pivach, Cossich & Pivach, Belle Chasse, La., for plaintiffs.

Daniel L. Daboval, Lawrence R. Plunkett, Jr., New Orleans, La., for defendants.

MENTZ, District Judge.

Before the Court is the plaintiffs' Motion to Remand. The plaintiffs, both Louisiana residents, originally brought this suit against Phillips Petroleum Company ("Phillips") and Herman S. Ballay, Jr. ("Ballay") in the 25th Judicial District Court for the Parish of Plaquemines, Louisiana as an admiralty and maritime claim in accordance with the Saving to Suitors Clause, 28 U.S.C. § 1333(1). The defendants removed the case to federal court invoking the court's diversity jurisdiction. The defendants allege that Ballay, a non-diverse defendant, was fraudulently joined and his citizenship should not be considered for purposes of determining the Court's jurisdiction. Finding that Ballay was not fraudulently joined, the Court grants the motion to remand.

The plaintiffs' claim alleges that Russell Hayden was injured when, while operating his vessel in the English Bay area of Plaquemines Parish, he struck a submerged pipeline owned, operated, and maintained by Phillips. In addition, the plaintiffs allege that Ballay, a Phillips field foreman, had personal knowledge of the condition and took no action to remove the hazard. *See* Plaintiffs' Complaint ¶ 7.

The burden is on the defendants, as the removing parties, to establish the existence of federal jurisdiction. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40 (5th Cir.1992). To prove fraudulent joinder, the defendants must demonstrate that the plaintiffs have no *possible* cause of action against the non-diverse defendant. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981). All ambiguities in the controlling law and all disputed questions of fact are to be resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

The defendants allege that this matter may arise not under the general maritime law of negligence, but under Louisiana law. The defendants further allege that the plaintiffs have no possible cause of action against Ballay under either general maritime law or under Louisiana law. The Court does not agree.

### General Maritime Law

The defendants bear the burden of demonstrating that there is no possible cause of action against an employee of a pipeline owner under the general maritime law. The defendants have failed to meet this burden.

The defendants rely primarily on two cases which hold that a corporate officer may not be held civilly liable for corporate violations of the River and Harbors Act. 33 U.S.C. § 401 *et seq. United States v. Sexton Cove Estates, Inc.,* 526 F.2d 1293, 1300–1301 (5th Cir.1976); *United States v. Joseph G. Moretti, Inc.,* 526 F.2d 1306, 1310 (5th Cir.1976). *Sexton* and *Moretti* both involved actions by the government pursuant to the enforcement provisions of

the River and Harbors Act, 33 U.S.C. § 406, seeking removal of obstructions to and restoration of navigable waters. These cases are inapposite. While the plaintiffs have alleged statutory fault by the defendants in the form of breach of the duty not to obstruct navigable waters pursuant to 33 U.S.C. § 403, the plaintiffs' claim arises under the general maritime law of negligence, not under the enforcement provisions of the Rivers and Harbors Act. *See Orange Beach Water, Sewer & Fire Protection Authority v. M/V ALVA,* 680 F.2d 1374 (11th Cir.1982) (statutory violation of 33 U.S.C. § 403 triggers the burden shifting rules of *The Pennsylvania,* 86 U.S. (19 Wall.) 125, 22 L.Ed. 148 (1873)). Thus, the defendants have failed to demonstrate that no possible cause of action exists against Ballay under general maritime law.

### Louisiana Law

■ Because the defendants bear the burden of demonstrating the Court's jurisdiction, the Court will also consider the defendants' allegation that this matter arises under Louisiana state law. The plaintiffs have stated at least a possible cause of action under Louisiana law. In *Canter v. Koehring Co.,* 283 So.2d 716 (La.1973), the Louisiana Supreme Court set out the following requirements for imposing individual liability on an officer, agent or employee of a corporation for damages to another party:

1. The employer owes a duty of care to the third person breach of which has caused the damage for which recovery is sought;
2. The employer delegated this duty to the employee/defendant;
3. The employee/defendant breached this duty through personal (as contrasted with vicarious) fault; and
4. Personal liability cannot be imposed upon the defendant/employee simply because of his general administrative responsibility for performance of some function of the employment.

*Canter,* 283 So.2d at 721. The employee "must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or should know of its non-performance and has nevertheless failed to cure the risk of harm." *Id.* Phillips had a duty to maintain the pipeline, and keep the pipeline from obstructing navigation. Phillips delegated the responsibility for the pipeline in the area of the accident to Ballay. The defendants allege that Ballay has been named only in his supervisory capacity. Plaintiffs' complaint, however, alleges:

> Specifically, Mr. Ballay had personal knowledge of the dangers presented by this pipeline and failed to remove this hazard. In fact, Mr. Ballay had discussed the dangers present in this field with several people on occasions prior to this casualty. Mr. Ballay was personally aware of these dangers to plaintiff and other mariners, but failed to act responsibly.

*See* Plaintiffs' Complaint ¶ 7. Such knowledge on the part of Ballay could give rise to the personal duty contemplated in *Canter. See Cole v. Celotex Corp.,* 588 So.2d 376 (La.App.3d Cir.1991); *Taranto v. Cook,* 425 So.2d 1326 (La.App.4th Cir.1983); *see also George–McGee v. Wal–Mart Stores, Inc.,* 1991 WL 2701, 1991 U.S. Dist. LEXIS 243, C.A. No. 90–2788 (E.D.La.1991); *Lopez v. Wal–Mart Stores, Inc.,* 1991 WL 42559, 1991 U.S. Dist. LEXIS 3720, C.A. No. 91–537 (E.D.La.1991). The deposition excerpts presented by both parties, when construed in the light most favorable to the non-removing plaintiffs, also support the existence of a cause of action against Ballay.

Whether this matter arises under general maritime law or Louisiana law, the defendants have failed to meet their burden of showing that the non-diverse defendant was fraudulently joined. Thus, this Court lacks subject matter jurisdiction over this matter, and must remand the case to the state court.

Accordingly,

IT IS ORDERED that (1) the plaintiffs' Motion to Remand is GRANTED and this matter is REMANDED to the 25th Judicial District Court for the Parish of Plaquemines, Louisiana; and

(2) the hearing on the motion set for February 26, 1992 is CANCELED.