879 F.Supp. 91 (1995)
Neal PARNAS, et al., Plaintiffs,
v.
GENERAL MOTORS CORPORATION, et al., Defendants.
No. 4:94CV02356 GFG.
United States District Court, E.D. Missouri, Eastern Division.
March 9, 1995.
*92 Kenneth E. Dick, Donald S. Singer, Edwards and Singer, St. Louis, MO, for plaintiffs.
Robert E. Tucker, Doster and Robinson, St. Louis, MO, Marcia M. Kull, Bowman and Brooke, Minneapolis, MN, for General Motors Corp., Weber Chevrolet.
James P. Reinert, James E. Whaley, Brown and James, St. Louis, MO, for Gelco Corp.
James K. Muhlenbruch, Jeffrey S. Thomsen, Evans and Dixon, St. Louis, MO, for Thomas Franklin.

ORDER
GUNN, District Judge.
This matter is before the Court on plaintiffs' motion to remand. Defendants General Motors and Weber Chevrolet oppose the motion.
This is an action for wrongful death. Plaintiffs are Aimee Block and the conservators for minors Cory and Adam Block. In 1986, Linda and Allen Block, the parents of Aimee, Cory and Adam, were killed in an automobile accident. The accident involved a collision with another car driven by defendant Tamara Franklin with defendant Thomas Franklin as a passenger. In 1987, the conservator of the Block children, all minors at that time, entered into a settlement agreement with the Franklins for $50,000, representing the full amount of their insurance policy proceeds.
In 1991, plaintiffs brought suit for wrongful death in state court against General Motors Corporation ("GM"), Gelco Corporation ("Gelco"), Weber Chevrolet ("Weber"), and a couple of insurers. In 1993, plaintiffs voluntarily dismissed that action without prejudice. A year later, on November 10, 1994, plaintiffs filed suit again in state court against GM, Gelco and Weber. GM allegedly manufactured the station wagon in which the entire Block family was riding at the time of the accident, and Gelco allegedly leased the station wagon to Alan Block's employer. Plaintiffs allege claims of strict liability and negligence against GM and Gelco. Plaintiffs also include a claim against Weber (it is unclear whether the claim sounds in negligence or breach of warranty). Weber allegedly sold the station wagon to Gelco.
On December 6, 1994, plaintiffs amended their complaint to assert claims of negligence against Tamara and Thomas Franklin. On December 7, 1994, GM with the consent of Gelco removed the action to this Court. GM asserts that this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(b). Diversity jurisdiction exists over a lawsuit between citizens of different states for an amount in controversy exceeding $50,000.00. 28 U.S.C. § 1332(a). A corporation is deemed a resident of the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c). In this case, the amount in controversy exceeds $50,000. Plaintiffs are Missouri residents, GM is a resident of Delaware and Michigan, Gelco is a Minnesota resident, and the Franklins and Weber are Missouri residents. GM argues that the lack of diversity between plaintiffs and defendants Weber and Tamara and Thomas Franklin does not defeat subject matter jurisdiction because plaintiffs fraudulently joined those three defendants.
It is true that when a court is assessing whether diversity jurisdiction exists over a particular case, a court may ignore the citizenship of parties fraudulently joined. 28 U.S.C. § 1441(b); Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). In order to prove fraudulent joinder, the removing party must show that: (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. Monroe v. Consolidated Freightways, Inc., 654 F.Supp. 661, 662-63 (E.D.Mo.1987). The removing party bears the burden of proof. Monroe, 654 F.Supp. at 663 (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th *93 Cir.1981)). In ruling on this issue, the Court may consider the pleadings, supporting affidavits, and the motion for remand and supporting affidavits. Id. (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983)).
In their opposition to plaintiffs' motion to remand, defendants GM and Weber argue that plaintiffs cannot make out a claim against the Franklins under Missouri law. Defendants do not quarrel with the sufficiency of plaintiffs' allegations; instead, they contend that plaintiffs are barred from recovery by their settlement agreement with the Franklins. Defendants have provided the Court with a copy of the settlement agreement between plaintiffs and the Franklins.
This Court will consider the agreement but only to decide whether plaintiffs have a colorable ground supporting their claim and not for the purpose of deciding whether the Franklins would be entitled to summary judgment; the standards are different for the two inquiries. See Schwenn v. Sears, Roebuck & Co., 822 F.Supp. 1453, 1455 (D.Minn.1993).
According to the agreement, plaintiffs released the Franklins "from any and all claims and causes of action which Cory Block, Aimee Block and/or Adam Block may now have or may in the future obtain for the wrongful death of Allen Block and/or Linda Block." (Defs.' Exh. A.) The language of the release purportedly bars only claims arising out of injuries sustained by Linda and Allen Block. In this case, the claim of negligence against the Franklins arises out of injuries which Cory Block allegedly sustained in the 1986 accident. The language of the contract may not bar such a claim. Therefore, the Court finds that the removing party has not met its burden: GM has not proved that there is no possibility that plaintiffs have a cause of action against the Franklins.
GM and Weber also argue that, even if plaintiffs have alleged a colorable claim against the Franklins, plaintiffs have no intention of obtaining a judgment from them. Defendants rely on Scientific Computers, Inc. v. Edudata Corp., 596 F.Supp. 1290 (D.Minn.1984). This case stands for the proposition that a resident defendant is fraudulently joined where the plaintiff has no real intention of prosecuting the action against him. Scientific, 596 F.Supp. at 1292.
In Scientific, plaintiff sued to enjoin a corporation and a nondiverse brokerage firm from proceeding with a tender offer in state court. Defendant corporation removed claiming that the brokerage firm was fraudulently joined. The district court found that the nondiverse brokerage firm was fraudulently joined to defeat federal jurisdiction.
The court explained that where the removing party claims that the plaintiff does not intend to obtain judgment from the allegedly fraudulently joined defendant, then the court may "pierce the pleadings" and consider the entire record. Id. The Scientific court relied on affidavits filed by the defendant corporation that detailed plaintiff's counsel's treatment of the brokerage firm. He apparently told the firm that the suit would pose only a slight inconvenience; he did not inquire as to the identity of the firm's counsel; and he did not serve them with a complaint. Id. In addition, affidavits also revealed that the firm told plaintiff that it would abide by any injunction issued against the defendant. Id. Furthermore, while plaintiff claimed that the firm was necessary to obtain complete relief, the court determined that the firm was quite dispensable, had no financial stake in the tender offer and no relationship with the defendant corporation, and was indistinguishable from other brokers or market makers who could have been named by the plaintiff. Id. at 1293.
In this case, GM and Weber argue that plaintiffs believe the Franklins to be judgment proof and do not intend to pursue their case against the couple. Defendants have produced some evidence that at the time of settlement in 1987, the conservators for the Block children believed that the insurance proceeds were all that they were likely to receive from the Franklins. (Defs.' Exh. C, D, F, G.) GM and Weber also emphasize that the Franklins were not named in the 1991 lawsuit. (Defs.' Exh. B, E, H.) Defendants have filed an affidavit by GM's attorney, Robert E. Tucker, who asserts that when he spoke with plaintiffs' counsel by *94 phone on December 5, 1994, he informed him that he intended to remove the case to federal court and asked him to dismiss Weber to simplify the removal process; in addition, the two discussed possible venue problems. (Defs.' Exh. U.) Tucker then says that on December 6, 1994, plaintiffs' counsel called him and said that he had added parties to the state court pleadings that would "solve the problems" with venue or removal. Id.
Scientific and the case before this Court are distinguishable. In Scientific, the allegedly fraudulently joined party was not needed for full and complete relief on plaintiff's claim against the diverse defendant. In this case, the claims against Weber, GM and Gelco are for the deaths of Allen and Linda Block whereas the claim against the Franklins is for injuries sustained by Cory Block. Therefore, the diverse defendants and the Franklins are not jointly liable such that plaintiffs would not require the Franklins' presence for complete relief. Furthermore, the Scientific case involved a nondiverse defendant who had no direct connection to the lawsuit; clearly, that is not the case with the Franklins who are substantial players in the events of this lawsuit.
Additionally, the evidence produced by GM and Weber is not sufficient to sustain their heavy burden. Evidence that the conservators thought of the Franklins as judgment proof seven years ago is not relevant to whether the couple was fraudulently joined recently, and there is no evidence regarding the current financial status of the Franklins. Plaintiffs' failure to include the Franklins as defendants in the first suit and the assertions contained in Tucker's affidavit are not enough to establish fraudulent joinder by plaintiffs. Plaintiffs have an arguably valid claim against the Franklins, and the Franklins are not without connections to this lawsuit as the defendant brokerage firm in Scientific. Therefore, the Court will grant plaintiffs' motion to remand. The Court need not consider whether Weber was fraudulently joined since it has already found that the Franklins were not. The presence of the Franklins in the lawsuit, with or without Weber, destroys diversity jurisdiction. Accordingly,
IT IS HEREBY ORDERED that plaintiffs' motion to remand is granted.
IT IS FURTHER ORDERED that this case is remanded to the Circuit Court for the City of St. Louis.
IT IS FURTHER ORDERED that all other pending motions in this case are denied as moot.