902 F.Supp. 185 (1995)
Connie REEB, Plaintiff,
v.
WAL-MART STORES, INC. and Maureen Kellogg, Defendant.
No. 4:95CV1156SNL.
United States District Court, E.D. Missouri, Eastern Division.
October 18, 1995.
*186 Jill S. Bollwerk, Associate, Theodore H. Hoffman, President, Hoffman and Wallach, St. Louis, MO, for plaintiff.
Stefan J. Glynias, Kevin L. Fritz, Evans and Dixon, St. Louis, MO, for Wal-Mart Stores, Inc., Maureen Kelloggs.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
Plaintiff originally filed this slip-and-fall action in the Circuit Court for the City of St. Louis. On June 27, 1995 defendants filed a notice of removal based upon fraudulent joinder of resident defendant Maureen Kellogg. Furthermore, on the same date as the filing of the notice of removal, defendant Kellogg filed a motion to drop her for misjoinder and/or fraudulent joinder, or in the alternative, for summary judgment on Count II of plaintiff's complaint (# 6). Responsive pleadings have been filed.
As stated before, defendants removed this lawsuit from state court on June 27, 1995. They contend that the non-diverse defendant Kellogg was fraudulently joined in order to defeat federal diversity jurisdiction. They argue that there is no possibility that the plaintiff can establish a cause of action against resident defendant Kellogg. Consequently, if defendant Kellogg was fraudulently joined, her residency is disregarded for purposes of determining diversity jurisdiction. Federal Beef Processors, Inc. v. CBS, Inc., 851 F.Supp. 1430, 1434 (D.S.D.1994).
Title 28 U.S.C. § 1441(b) allows a defendant who meets certain requirements to remove a civil action from state court to federal court on the basis of diversity of citizenship. The requirement of complete diversity is fully applicable to cases removed on the basis of diversity. Brown v. Southland Corp., 620 F.Supp. 1495, 1496 (E.D.Mo. *187 1985). However, a federal court will not allow removal to be defeated by the collusive or fraudulent joinder of a resident defendant. Id., at 1497 [citing Anderson v. Home Ins. Co., 724 F.2d 82, 83 (8th Cir.1983)]. Joinder is fraudulent, if on the face of the state court complaint, no cause of action lies against the resident defendant. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir.1983). If there is no reasonable basis in fact or law supporting the claim against the resident defendant, or the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant, joinder is fraudulent and removal is proper. Id., supra.; see also, Schwenn, et al. v. Sears, Roebuck, and Co., et al., 822 F.Supp. 1453, 1455-56 (D.Minn.1993). The burden of proof rests with the removing party. Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D.Mo. 1995); Federal Beef Processors, at 1435.
In the present case, defendant Kellogg does not allege fraud in the pleading of jurisdictional facts. Therefore, the issue for this Court to consider is whether the plaintiff has stated a basis for recovery, under Missouri law, against resident defendant Kellogg.[1]
In ruling on the issue, courts appear to be divided as to the proper standard to apply. Some courts have applied a summary judgment standard, i.e. considering all material on the record including the pleadings, deposition testimony, and affidavits.[2] Other courts have applied a dismissal standard, i.e. whether a cause of action is stated on the face of the complaint against the non-diverse defendant.[3] This inconsistency exists within the Eighth Circuit.
In 1983, the Eighth Circuit stated "[f]raudulent joinder exists if, on the face of the plaintiff's state court pleadings, no cause of action lies against the resident defendant." Anderson v. Home Insurance Co., 724 F.2d 82, 84 (8th Cir.1983). This is clearly a motion to dismiss standard. However, in 1987, the district court in Monroe v. Consolidated Freightways, Inc., 654 F.Supp. 661, 663 (E.D.Mo.1987), without citing Anderson v. Home Insurance Co., supra., stated that the Court may consider all material on the record including the pleadings, affidavits, and deposition testimony. This is clearly a summary judgment standard. In 1990, another district court in Missouri applied the dismissal standard of Anderson v. Home Insurance to the issue of fraudulent joinder. St. Louis Trade Diverters, et al. v. Constitution State Insurance Co., 738 F.Supp. 1269, 1271 (E.D.Mo.1990). In 1993, two district courts in Minnesota, citing Anderson v. Home Insurance, supra., applied a motion to dismiss standard in addressing the issue of fraudulent joinder. Schwenn, et al. v. Sears, Roebuck & Co., et al., 822 F.Supp. 1453, 1455-56 (D.Minn.1993); Banbury v. Omnitrition International et al., 818 F.Supp. 276, 279-80 (D.Minn.1993).
Recently, the district court in South Dakota, disagreeing with the Schwenn case, held that "piercing the pleadings"[4] was appropriate to determine the issues of fraudulent joinder. Federal Beef Processors, at 1436. The South Dakota court examined documents (affidavits), in addition to reviewing the plaintiff's complaint, in order to determine that a resident defendant was fraudulently joined. Id., at 1436.
Finally, just a short time ago, another district court in this district also addressed the issue of fraudulent joinder by "piercing *188 the pleadings". Parnas v. General Motors Corp., supra. In Parnas, the district court chose to determine the issue of fraudulent joinder by considering not only the pleadings, but the parties' affidavits and a settlement agreement. Id., at 93. However, the district court (citing the Schwenn case) stated:
"This Court will consider the agreement but only to decide whether plaintiffs have a colorable ground supporting their claims and not for the purpose of deciding whether the Franklins [the non-diverse defendants] would be entitled to summary judgment; the standards are different for the two inquiries."
Id., at 93.
After careful consideration of the matter, this Court agrees with the district courts' analysis both in Schwenn and Parnas, supra. The only Eighth Circuit case addressing the issue of determining the fraudulent joinder issue is Anderson v. Home Insurance Co., supra. Anderson appears to set forth a standard similar to that for a motion to dismiss. Anderson, at 84. The Schwenn Court found the application of a summary judgment standard inappropriate
"because the merits of an action are distinct from the jurisdictional issues presented by such a claim. The more appropriate standard for a claim of fraudulent joinder is whether there is a possibility that a state court would find that the complaint states a cause of action against the resident defendant. In addressing this issue, contested issues of fact and uncertainty as to the controlling substantive law should be resolved in favor of the plaintiff. Joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant."
Id., at 1455.
However, the Schwenn court further found that in those instances where a court pierces the pleadings and considers factual and legal materials outside the pleadings, it should only consider whether these materials establish facts supporting the claims, not whether these materials resolve the merits of the plaintiff's claims. Id., at 1456. This was the avenue taken by the district court in Parnas. It used outside materials to determine whether they established facts supporting the plaintiff's claims against the challenged defendant. This Court believes that this is the most prudent method of determining if defendant Kellogg was fraudulently joined.
After careful consideration of the matter, the Court finds that the primary objective of the presence of resident defendant Kellogg is to defeat federal jurisdiction. The reason being that there is no factual or legal support for a claim against Kellogg for the plaintiff's injuries.
This is a slip-and-fall case. Plaintiff contends that in the late evening of December 1, 1994, while in the lingerie area of the Wal-Mart store in Fenton, Missouri, she tripped over alleged "ragged" carpeting and fell, injuring her back. The non-diverse defendant is Maureen Kellogg, the manager of the store.
Under Missouri law, there are certain instances wherein an employee may be held personally liable to a third party.
"First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer. Giles v. Moundridge Milling Co., 173 S.W.2d 745, 751 [9] (Mo.1943). A second situation involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person. Id., at 751 [10-15]. The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control. Id.

State ex rel. Kyger v. Koehr, 831 S.W.2d 953, 956 (Mo.App.1992).
Plaintiff concedes that defendant Kellogg did not have full and complete control of the premises.[5] Defendant Kellogg further attests *189 in her affidavit and testified at her deposition that she had only been in the store for three days as manager prior to the alleged accident, that she had not gone through the lingerie area during those three days, that she had no prior knowledge of the alleged defective condition of the carpet, and that she was not in the store nor on duty as the manager at the time of the alleged accident.
Plaintiff's only rebuttal to Kellogg's testimony is her affidavit in which she states that she has witnesses who will testify that the rug was in the alleged defective condition for some extended period of time prior to the accident. This affidavit fails to provide a reasonable basis in fact or colorable ground supporting the plaintiff's claim against Kellogg. Firstly, plaintiff's affidavit is improper as it contains hearsay and lacks any personal knowledge on the part of the plaintiff as to the length of time the carpet was in the alleged defective condition. Secondly, plaintiff fails to provide any facts showing that defendant Kellogg had personal or constructive knowledge of the alleged defective condition of the carpet and breached a duty to repair or remove it.
Defendant Kellogg has provided materials establishing that she had only been transferred as manager to the Fenton store three days prior to the accident, was not in the store at the time of the accident, and had not been aware or made aware of the alleged defective condition of the carpet. Plaintiff has failed to effectively rebut these facts or to provide any factual basis that the carpet had been in the alleged defective condition for some time prior to defendant Kellogg's arrival at the store and that she had been made aware of its alleged defective condition. Consequently, plaintiff has failed to demonstrate a reasonable basis in fact or colorable ground that supports her claim of negligence against defendant Kellogg.
It is this Court's considered opinion that plaintiff cannot state a claim against non-diverse defendant Kellogg for negligence in this cause of action. The only reason for her presence in this lawsuit would be to destroy federal jurisdiction. The Court determines that defendant Kellogg has been fraudulently joined and that her dismissal from this federal lawsuit is mandated.
Accordingly,
IT IS HEREBY ORDERED that defendant Kellogg's motion to drop her for misjoinder (# 6) be and is GRANTED. Defendant Kellogg is hereby DISMISSED from this cause of action.
IT IS FINALLY ORDERED that defendant Kellogg's alternative motion for summary judgment (# 6) be and is DENIED as moot.
NOTES
[1] Defendant also argues that plaintiff has improperly joined her pursuant to Rules 19(a) and 20 of the Federal Rules of Civil Procedure. These rules are applicable only to cases wherein the plaintiff seeks to add parties to a pending lawsuit. This is not the present situation; consequently, this basis for the defendant's motion is meritless.
[2] Poulos v. Naas Foods, 959 F.2d 69 (7th Cir. 1992); LeJeune v. Shell Oil Co., 950 F.2d 267 (5th Cir.1992); Lane v. Champion International Corp., 827 F.Supp. 701 (S.D.Ala.1993); Mask v. Chrysler Corp., 825 F.Supp. 285 (N.D.Ala.1993); Hayden v. Phillips Petroleum Corp., 788 F.Supp. 285 (E.D.La.1992); Veltmann v. Crowley Maritime Corp., 784 F.Supp. 366 (E.D.Tex.1992); and Villar v. Crowley Maritime Corp., 780 F.Supp. 1467 (S.D.Tex.1992).
[3] Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932 (9th Cir.1993); Institute of Pennsylvania Hospital v. Travelers Insurance Corp., 825 F.Supp. 727 (E.D.Pa.1993).
[4] "Piercing the pleadings" is a phrase which refers to a court's consideration of matters outside the pleadings.
[5] In her affidavit defendant Kellogg attests to the fact that she did not have full and complete control of the premises. "This fact is not being controverted by plaintiff." Plaintiff's memorandum in opposition to defendant Kellogg's motion to drop her for misjoinder, pg. 4.