200 F.Supp.2d 1049 (2001)
RICHKA ENTERPRISES, INC., d/b/a Aladdin Chem Dry, Plaintiff,
v.
AMERICAN FAMILY MUTUAL INS. CO., et al., Defendants.
No. 4:01-CV-630 CDP.
United States District Court, E.D. Missouri, Eastern Division.
August 7, 2001.
*1050 Nelson B. Rich, St. Louis, MO, Russell F. Watters, Managing Principle, Ryan J. Gavin, Brown & James, PC, St. Louis, MO, for Plaintiff.
Terese A. Drew, Partner, Timothy P. Dugan, Hinshaw & Culbertson, St. Louis, MO, James M. Hofert, Hinshaw & Culbertson, Chicago, IL, for Defendants.

MEMORANDUM AND ORDER
PERRY, District Judge.
Aladdin brings a claim against its insurer American Family for bad faith and claims of legal malpractice and breach of fiduciary duty against Mueller and the Law Offices of James Nabholz, III[1] in connection with the handling of a lawsuit filed against Aladdin by Sharon Weaver. Defendants removed this action from the Circuit Court of the City of St. Louis, Missouri on the basis of diversity jurisdiction. Although Aladdin and Mueller are both Missouri residents, defendants contend that Mueller has been fraudulently joined in this action so his presence must be disregarded for purposes of determining subject-matter jurisdiction. Because I find that Mueller has not been fraudulently joined as a defendant, I lack subject-matter jurisdiction and must grant Aladdin's motion to remand this action to state court.

Legal Standard
28 U.S.C. § 1441(a) permits a defendants, under certain circumstances, to remove a civil action from a state court to a federal district court on the basis of diversity of citizenship. It provides as follows:
[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to district court of the United States for the district and the division embracing the place where such action is pending.
28 U.S.C. § 1441(a).
Removal jurisdiction will not be defeated by collusive or fraudulent joinder of a non-diverse defendant. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). To establish fraudulent joinder, the removing party must show that there is no possibility that plaintiff could state a cause of action against the resident defendant, or that there has been fraud in the plaintiff's *1051 pleading of jurisdictional facts. Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D.Mo.1995). The removing party bears the burden of proof. Id. The Eighth Circuit Court of Appeals applies a dismissal standard to determine whether a defendant has been fraudulently joined. Anderson, 724 F.2d at 84 ("Fraudulent joinder exists if, on the face of the plaintiff's state court pleadings, no cause of action lies against the resident defendant.").
"Joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant." Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 188 (E.D.Mo.1995). The Court resolves contested areas of fact and law in favor of remand. Id.

Discussion
The following facts are alleged in Aladdin's complaint. American Family issued a liability insurance policy to Aladdin. In September of 1998, Sharon Weaver sued Aladdin for damages resulting from an automobile accident involving an Aladdin employee. American family agreed to defend Aladdin in the action in accordance with the insurance policy. On September 22, 1998, Mueller, an attorney with the Law Office of James Nabholz, III entered his appearance and filed an answer on behalf of Aladdin. Aladdin was advised by Mueller that he would represent Aladdin in the lawsuit.[2]
Aladdin alleges that Mueller failed to communicate or consult with Aladdin about defense strategy, the merits of the case, settlement or any other substantive matter. The complaint further alleges that on November 16, 1999, Mueller and his law firm withdrew as attorneys of record in the state-court action and referred the matter to another attorney without informing Aladdin or seeking its consent. However, Aladdin claims that Mueller indicated that he and his firm would remain its attorney and "supervise" the defense of this matter. Aladdin finally alleges that Mueller did not fulfill his professional obligations, resulting in a large verdict in excess of the policy limits being entered against Aladdin in the underlying state-court action.
American Family argues that Mueller has been fraudulently joined as a defendant in this matter because: 1) Mueller, as an employee of American Family, cannot be held individually liable for American Family's alleged bad faith; and 2) because Mueller had withdrawn as Aladdin's attorney of record in the underlying state-court action, he cannot be held liable as a matter of law for legal malpractice or breach of fiduciary duty. American Family also argues that Mueller was acting as a claims adjuster when he continued to supervise Aladdin's defense, so the absence of an attorney-client relationship during this time period precludes Mueller's tort liability as a matter of law.
Although American Family may be correct that Mueller cannot be held individually liable for its actions, this argument does not support a finding of fraudulent joinder. As Aladdin correctly notes, it has not named Mueller as a defendant on its bad faith claim against American Family. Instead, Aladdin has asserted separate claims against Mueller for malpractice and breach of fiduciary duty arising from his *1052 legal representation of Mueller. The mere fact that the legal representation was provided to Aladdin by American Family in accordance with the insurance agreement does not convert these legal malpractice claims into an action against American Family or absolve Mueller from potential liability. See Arana v. Koerner, 735 S.W.2d 729, 733 (Mo.Ct.App.1987), overruled on other grounds by Klemme v. Best, 941 S.W.2d 493 (Mo.1997). "The attorney owes the insured the same obligation of good faith and fidelity as if the insured had retained the attorney personally and at his own expense." Id.
American Family also claims that Aladdin cannot state a claim against Mueller because he withdrew as attorney of record in the underlying state court action and continued to supervise the defense only as an insurance adjuster, not as an attorney. These arguments, however, do not demonstrate that Mueller has been fraudulently joined in this action. The elements of a claim for legal malpractice under Missouri law are: 1) the existence of an attorney-client relationship; 2) negligence or breach of contract by the attorney; 3) proximate cause; and 4) damages. See Klemme v. Best, 941 S.W.2d 493, 495 (Mo.1997). The elements of a claim for breach of fiduciary duty are: 1) an attorney-client relationship; 2) breach of a fiduciary obligation by the attorney; 3) proximate cause; 4) damages; and 5) no other tort remedy. Id. at 496. Aladdin's complaint alleges each of these elements.[3]
Even if Mueller withdrew as attorney of record in the underlying action, Aladdin's complaint alleges acts of negligence and breaches of fiduciary duty by Mueller that occurred well before that date. Therefore, the mere fact that another attorney eventually assumed the defense of Aladdin would not preclude Aladdin from stating a claim against Mueller. Moreover, there are factual disputes about whether Mueller continued to act as Aladdin's attorney instead of an adjuster after he withdrew from the case. These disputes must be resolved in favor of remand. See Reeb, 902 F.Supp. at 188. For these reasons, I find that Mueller was not fraudulently joined in this action to defeat diversity jurisdiction. Therefore, I lack subject matter jurisdiction over this case and must remand it to state court.
Accordingly.
IT IS HEREBY ORDERED that plaintiff's motion to remand this action to state court [# 15-1] is granted. Plaintiff's request for fees incurred in connection with the removal [# 15-2] is denied.
IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's reply in support of remand and for sanctions [# 23] is denied.
IT IS FURTHER ORDERED that this case is remanded to the Circuit Court of the City of St. Louis, Missouri.
NOTES
[1] Aladdin has moved for default judgment against the Law Offices of James Nabholz, III on the ground that it has not filed an answer to the complaint. Defendants American Family and Mueller oppose entry of default judgment on the ground that the "Law Offices of James Nabholz, III" is not an existing entity capable of being sued. Because I lack subject-matter jurisdiction, I will not resolve this issue.
[2] Although the complaint alleges that Mueller was associated with the defendant Law Office of James Nabholz, III, American Family claims that Mueller was actually in-house legal counsel for American Family. I note, however, that Mueller signed pleadings in the underlying state-court action on behalf of the Law Office of James Nabholz, III.
[3] American Family's argument that the complaint does not state a claim against Mueller because it includes allegations of ethical violations is meritless. See Chrysler Corp. v. Carey, 5 F.Supp.2d 1023, 1031-32 (E.D.Mo.1998) (holding that ethical violations may be relevant to tort claims brought against attorneys).