Alice A. DILDINE, Plaintiff,
v.
The GREAT ATLANTIC AND PACIFIC TEA COMPANY, Inc. and Clifford Kelley, Defendants.
Civ. A. No. 13508–4.

United States District Court
W. D. Missouri, W. D.
Sept. 12, 1962.

Edward L. Simmons, Plattsburg, Mo., for plaintiff.

Watson, Ess, Marshall & Enggas, by Douglas Stripp, Kansas City, Mo., for defendants.

BECKER, District Judge.

This action was filed in the Circuit Court of Jackson County to recover damages from personal injuries alleged to have resulted from the negligence of the defendant The Great Atlantic and Pacific Tea Company and its store manager. The petition charges that the injuries occurred on or about March 9, 1961, in the store at 11220 East 23rd Street, Independence, Missouri. It names as defendants The Great Atlantic and Pacific Tea Company, a corporation, and Clifford Kelley, who "is and was at all times mentioned herein" manager of the store in question. Plaintiff alleges that her injuries were caused by negligence of the defendants, and of each of them, in causing and permitting foreign objects to be and to remain on the floor of the store, in failing to remove the objects and in failing to warn the plaintiff of this condition. From the averments of the complaint, it appears that peelings and parts of vegetables were the foreign objects referred to. The defendant The Great Atlantic and Pacific Tea Company filed a petition for removal alleging fraudulent joinder, in that the allegations purporting to state a claim against defendant Kelley were false and that the plaintiff knew, or upon reasonable investigation would have learned, that they were false. Subsequently plaintiff moved to remand the cause.

The Court heard evidence on the issues presented by the petition for removal and the motion to remand. From the evidence it is found that the plaintiff is not able to make a submissible case against the resident defendant Kelley and that Kelley was improperly joined as a defendant in this case. The Court further finds from the evidence that the joinder was not fraudulent, in the sense that the plaintiff knowingly made a false claim against the defendant Kelley. The Court finds that the joinder of Kelley resulted from a mistaken belief of the plaintiff that the defendant Kelley was the manager of the store on duty on the premises at the time of the alleged injury.

As a matter of fact, it is now conceded that on the day the injury occurred an assistant of the resident defendant

**792**

Kelley was the acting manager on duty and that the defendant Kelley was at home all of the day the plaintiff was injured. It was his regular day off. Plaintiff contends that she can make a submissible case against the defendant Kelley on this state of the facts even though the defendant Kelley was not on duty on the day of the injury. It is the conclusion of the Court that the plaintiff is in error in this contention, and that the case of Barker v. Crown Drug Company, Mo., 284 S.W.2d 559, is controlling.

■■ On the record and the evidence heard, the motion to remand should be overruled. Nevertheless, it is not the purpose of the statutes authorizing jurisdiction based upon diversity of citizenship to cause to be tried in the United States District Courts cases which would be triable in the state courts if a petition reflecting the true facts were filed. So, if the plaintiff had joined the assistant manager, who was in fact the acting manager of the store on the day of plaintiff's injury, the case would not be removable, provided that the assistant and acting manager was a resident of Missouri. It does not appear from the record whether the assistant and acting manager is a resident of Missouri. In any event, a submissible case would be made against him. Stith v. J. J. Newberry Co., 336 Mo. 467, 79 S.W.2d 447. Because this was a case of mistaken identity, the Court will grant leave to the plaintiff to dismiss on payment of costs, if the assistant and acting manager is in fact a resident of Missouri.

Therefore, in keeping with the findings and conclusions stated above, it is

Ordered that the motion to remand be overruled. It is further

Ordered that the plaintiff be, and she hereby is, granted leave at her option to file within fifteen (15) days a motion for leave to dismiss upon payment of the costs, which will be granted if the assistant and acting manager referred to above can be shown to be a resident domiciled citizen of Missouri.