**STATE of Missouri, ex rel. Phyllis KYGER, Relator,**

v.

**The Honorable Jack L. KOEHR, Judge of the Circuit Court of the City of St. Louis, State of Missouri, Respondent.**

No. 60857.

Missouri Court of Appeals, Eastern District, Writ Division One.

June 2, 1992.

John S. Wallach, Christopher J. Carenza, Hoffman and Wallach, St. Louis, for relator.

Jeffry S. Thomsen, Debbie S. Champion, Evans and Dixon, St. Louis, for respondent.

SIMON, Judge.

Relator, Phyllis Kyger, seeks a writ of prohibition to prohibit respondent judge from quashing service of process on defendant, custodial manager Willie Boykin (Boykin) and entering and enforcing his order of dismissal against defendant, Dierbergs Markets, Inc. (Dierbergs), in the underlying suit for personal injuries sustained by relator. We quash the preliminary writ of prohibition previously granted and direct the trial court to transfer the case against Dierbergs to a circuit in which it could be brought.

Relator filed her petition in the City of St. Louis against Dierbergs, a resident of St. Louis County, and Boykin, claiming venue based on Boykin's residence in the City of St. Louis. § 508.010(2) RSMo 1986. (All references shall be to RSMo 1986 unless otherwise noted.) In her petition relator alleges that as she was walking in the Dierbergs store located at Clarkson and Clayton Roads, St. Louis County, Missouri, on or about July 21, 1988, she was caused to fall on a slippery, liquid substance on the floor and suffered injuries and losses. She alleges that her fall was the result of the negligence and carelessness of Dierbergs and Boykin in that they: (1) allowed a slippery, liquid substance to accumulate and remain on the floor; (2) failed and omitted to rope off the area surrounding the liquid substance; (3) failed to warn relator; and (4) failed to take steps to monitor and supervise the individual responsible for mopping and drying the area.

She further alleged that the acts and omissions of Dierbergs were committed through its employees acting in the scope and course of Dierbergs business. She also alleged that Boykin, at all times, was acting as an individual and in the scope and course of his employment with Dierbergs.

Dierbergs and Boykin each filed motions to quash service of process, and alternatively, to dismiss for lack of jurisdiction. Dierbergs stated in its motion that it is a resident of St. Louis County and that at no time alleged in the petition or at the present time has it ever resided or done business in the City of St. Louis. It further stated that venue is not proper in the City of St. Louis because the joinder of Boykin was spurious, and therefore the trial court did not have jurisdiction over Dierbergs. Boykin stated the same in his motion and added that he was custodial manager of the store where relator fell, though he was not on duty or in the store at the time that she fell.

An affidavit in support of each motion was attached, stating that Dierbergs is not located in nor does business within the City of St. Louis, and that Boykin was not working in his capacity as custodial manager at the time of relator's fall. Relator did not controvert the affidavits. Additionally, relator's and Dierbergs' briefs contain certain pages of a deposition of Boykin. In his deposition Boykin states that he is the person in charge on his off days but also states that when he is not there the person under him, his assistant, is in charge. There is no indication in the record that this deposition was presented to the trial court. Further, the deposition has not been made part of the record before us. The trial court granted the motions, quashing service of process on Boykin and dismissing the cause against Dierbergs for lack of venue. Relator filed her petition for a writ of prohibition, and we granted a preliminary writ.

Initially, we note that the original petition names Dierbergs, which does business in St. Louis County, and Boykin, who resides in the City of St. Louis and, therefore, it complies with the provision of § 508.010(2), which establishes venue in any county in which one of several defendants resides. If venue was properly vested in the first instance, the subsequent dismissal of the resident defendant does not divest the court in which the action was filed of venue and jurisdiction over the person of the remaining non-resident defendant. *Bottger v. Cheek*, 815 S.W.2d 76, 79[1] (Mo.App.1991).

The issue before us is whether relator pretensively joined Boykin to gain venue in the City of St. Louis. If relator improperly joined Boykin to gain venue, then venue as to Dierbergs would not be proper. *See State ex rel. Coca Cola Bottling Co. v. Gaertner*, 681 S.W.2d 445, 447 [4–6] (Mo. banc 1984). The resolution of this issue rests on a determination of whether relator's petition in the underlying action alleges facts showing that she is entitled to recover against Boykin, the resident defendant. *Bottger*, 815 S.W.2d at 79[2]. Review of the grant of the motions require that we examine the pleadings, allow them their broadest intendment, treat the facts alleged as true, construe the allegations favorably to relator, and determine whether the petition invokes principles of substantive law. *Lipton Realty, Inc. v. St. Louis Housing Authority*, 705 S.W.2d 565, 568 [1, 2] (Mo.App.1986). Here, because defendants each moved to quash service of process, and alternatively, to dismiss for lack of jurisdiction pursuant to Rule 55.-27(a)(2), the trial court may consider not only relator's petition for relief, but also allegations in defendants' motion to dismiss and supporting evidence. *State ex inf. Riederer v. Collins*, 799 S.W.2d 644, 652 [12] (Mo.App.1990). Therefore, the trial court could properly consider the attached affidavits in quashing service of process and granting dismissal.

It is not enough that the petition state a claim for relief against Boykin if it appears from the record, pleadings, and facts presented in support of the motion raising the issue of pretensive joinder that the resident defendant, Boykin, cannot be held liable on any reasonable ground and that the relator must be presumed to have

known this at the time she filed the petition. *Bottger*, 815 S.W.2d at 79[2]. It is necessary that under the law and the evidence it appears that relator is entitled to an honest belief a justiciable claim exists against the resident defendant, Boykin. *Id.*

Clearly, Boykin is an employee and there are situations where he can be held personally liable to a third person. First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer. *Giles v. Moundridge Milling Co.*, 351 Mo. 568, 173 S.W.2d 745, 751 [9] (1943). A second situation involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person. *Id.* 173 S.W.2d at 751 [10–15]. The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control. *Id.*

In *Barker v. Crown Drug Company*, 284 S.W.2d 559 (Mo.1955), our Supreme Court held that a store manager, who was not in the store on the afternoon when a bottle fell and injured the plaintiff customer, was not liable under the doctrine of res ipsa loquitur. The court reasoned that the fact that the manager was an "employee" did not make him liable. The court found no evidence, upon the entire record, that the manager was present, had breached any duty to the plaintiff, or that he had such control of the premises as to bring into force his liability under the res ipsa loquitur doctrine. *Id.* at 561 [3].

Likewise, *Barker* was found to be controlling in *Dildine v. Great Atlantic and Pacific Tea Company*, 215 F.Supp. 790 (W.D.Mo.1962), appeal dismissed, 328 F.2d 622 (8th Cir.1964). There the court held that the plaintiff could not maintain an action against the manager of a store owned by a corporation for injuries caused when she slipped on foreign objects on the floor, where the manager was not on duty on the day of the plaintiff customer's injury. *Id.* at 791–92[1].

Here, we find no indication in the record that Boykin had complete and exclusive control over the premises or that he was responsible for the condition which caused the injury. The affidavits submitted by Dierbergs and Boykin state that Boykin was not working in his capacity as custodial manager at the time of the accident. Relator has failed to controvert the affidavits thus, Boykin would not be liable.

While it is true that relator states a claim for relief against Boykin on the face of her petition, the burden of proof rests upon Dierbergs and Boykin, the parties moving for dismissal, to show the alleged facts are not true and cannot be proven. This may be achieved by using testimony, affidavits, depositions, interrogatories, requests for admissions, or other evidence. *Bottger*, 815 S.W.2d at 80[5]. Relator may counter such proof by coming forward with evidence demonstrating that, at the time the action was commenced, she had reason to believe the facts alleged against the resident defendant, Boykin, were true and capable of proof at trial. *Id.* We look to see if "the information available at the time of filing was such as to give rise to a reasonable legal opinion that a submissible case could be made against the resident defendant." *Id.* "[T]he standard is an objective one, perhaps more appropriately denominated as a 'realistic belief' that under the law and the evidence a justiciable claim exists." *Id.*

Here, Dierbergs and Boykin attached affidavits to their motions which relator did not controvert. Relator has failed to set forth any facts supporting a realistic belief that Boykin breached a legal duty or had been negligent with respect to something over which he had control. The record fails to show that the information available at the time relator filed her petition was such as to give rise to a reasonable legal opinion that a submissible case could be made against Boykin. Thus, the joinder of Boykin was pretensive and the trial court properly quashed service of process on Boykin.

The trial court improperly dismissed the action against Dierbergs.

There is no contention that Dierbergs is not a proper defendant or that relator's petition fails to state a claim against Dierbergs. Therefore, this action may be brought in a court of proper venue. Section 476.410 (RSMo Cum.Supp.1989) provides:

The division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit *shall* transfer the case to any division or circuit in which it could have been brought. (emphasis added).

The statute requires that the trial court transfer the case to a court of proper venue, which in this case would be in the county of St. Louis.

In *State ex rel. Missouri Highway and Transportation Commission v. Hedspeth,* 788 S.W.2d 342 (Mo.App.1990), the court determined that venue was improper, and under § 476.410, did not issue a writ of prohibition requiring the lower court to dismiss the action, but rather barred the court from taking further action in the case except to transfer it to the circuit court where it could be brought. We do likewise here.

The preliminary writ of prohibition is quashed and the trial court is directed to transfer the cause against Dierbergs to a court of proper venue.

PUDLOWSKI and KAROHL, JJ., concur.