259 F.Supp.2d 919 (2003)
Pauline AUGUSTINE, Plaintiff,
v.
TARGET CORPORATION, and Donald Leboyd, Defendants.
No. 4:02 CV 1785 DDN.
United States District Court, E.D. Missouri, Eastern Division.
January 31, 2003.
*920 James N. Guirl, II, James Guirl Law Office, St. Louis, MO, for Plaintiff.
Beth C. Boggs, BOGGS AND BOGGS, LLC, Clayton, MO, for Defendants.

MEMORANDUM AND ORDER REMANDING ACTION TO STATE COURT
NOCE, United States Magistrate Judge.
This matter is before the court on the motion of plaintiff Pauline Augustine to remand this case to state court (Doc. 9) and on the motion of defendant Donald Leboyd to dismiss (Doc. 7). A hearing was held on the motions on January 29, 2003.

BACKGROUND
Augustine, a Missouri resident, commenced this action in the Circuit Court of the City of St. Louis against Minnesota resident Target Corporation (Target) and Missouri resident Leboyd.[1] Plaintiffs complaint alleges in two counts (one pertaining to each defendant) that she sustained injuries as the result of a June 9, 2001 "trip and fall" on a raised sewer grate on the parking lot of Target's Hampton Ave. store in St. Louis, Missouri. She alleges that at all relevant times Leboyd was the Hampton store manager, that as the manager he was responsible for maintaining the parking lot, that he was negligent in allowing plaintiff at the raised grate, that he knew or should have known that the lot's users were unaware of the raised grate, that he negligently failed to warn her of the grate, and that he negligently failed to rope off or repair the grate. (Doc. 1 Attach.)
On November 27, 2002, Target filed a timely notice of removal, see 28 U.S.C. § 1441(b), asserting that Leboyd had been pretensively joined and that, but for the "fraudulent" joinder, this court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Target indicated that a separate motion to dismiss was being filed on Leboyd's behalf. (Doc. 1.) In the motion to dismiss, Leboyd, through counsel, concedes he is the manager at the Hampton store but states that at the time of plaintiffs injury he was not present at the Hampton location and that he had no notice of any condition. He argues that, because he was fraudulently joined in an attempt to defeat diversity jurisdiction, his residency should be disregarded for determining such jurisdiction. (Doc. 7.)
In her remand motion, filed on December 27, plaintiff asserts that Leboyd's contention in the dismissal motion (that "no reasonable basis in fact or law support[s] the claim against Donald Le[b]oyd") lacks support. In addition, she points out that he has not consented to Target's notice of removal and that more than thirty days have elapsed since he was served. (Doc. 9.) Plaintiff attaches copies of returns of service, which show that on October 30 service was effected on Target and on Leboyd. (Id. (Mem.) Exs.)
Defendants jointly reply that a consent of Leboyd to the removal "has been filed along with a Motion for leave" and that he *921 implicitly consented to federal jurisdiction by filing his November 27 dismissal motion. Moreover, defendants argue that the failure of all defendants to join was a technicalbut nonjurisdictionaldefect in the removal procedure within the meaning of 28 U.S.C. § 1447(c). Finally, defendants argue that Leboyd did not need to join in removal because he is a "nominal" defendant. (Doc. 10.)

DISCUSSION
Removal is authorized by 28 U.S.C. § 1441 and governed by 28 U.S.C. § 1446. "Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded." Marano Enters, of Kan. v. Z-Teca Rests., 254 F.3d 753, 755 n. 2 (8th Cir.2001) (citing Chicago, Rock Island, & Pac. Ry. v. Martin, 178 U.S. 245, 251, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)). "However, nominal defendants, those `against whom no real relief is sought,' need not join in the petition." Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir.2002) (quoting Pecherski v. Gen. Motors Corp., 636 F.2d 1156,1161 (8th Cir.1981)); accord BLACK'S LAW DICTIONARY 1145 (7th ed.1999) (defining "nominal party" as "[a] party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects").
"Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." Anderson v. Home Ins. Co., 724 F.2d 82, 83-84 (8th Cir.1983) (per curiam); accord BP Chem. Ltd. v. Jiangsu Sopo Corp., 285 F.3d 677, 685 (8th Cir.),  U.S., 123 S.Ct. 343, 154 L.Ed.2d 250 (2002). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). In other words, "[j]oinder will be considered fraudulent when it is established `that there can be no recovery [against the defendant] under the law of the state on the cause alleged.'" Allied Programs Corp. v. Puritan Ins. Co., 592 F.Supp. 1274, 1276 (S.D.N.Y. 1984) (citations omitted/brackets in original).
Whether there exists a reasonable basis in fact in law supporting plaintiffs claim against Leboyd naturally involves an inquiry into the state law pertaining to plaintiffs claim. Under Missouri law, in certain instances an employee may be held personally liable to a third party.
First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer. A second situation involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person. The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control.
State ex rel. Kyger v. Koehr, 831 S.W.2d 953, 956 (Mo.Ct.App.1992) (citations omitted).
In 1995, Judge Limbaugh discussed in great detail an apparent division in federal courts as to whether a summary judgment standard or a dismissal standard applies to determine whether a plaintiff has stated a basis for recovery under state law. See Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 187-88 (E.D.Mo.1995). Judge Limbaugh noted that Anderson, the sole Eighth Circuit case addressing the issue, "appear[ed]" to set forth a standard similar to that for a motion to dismiss. See Reeb, 902 F.Supp. at 188. The Eighth Circuit stated in Anderson that "[f]raudulent joinder exists if, on the face of plaintiff's *922 state court pleadings, no cause of action lies against the resident defendant." 724 F.2d at 84. More recently, the Eighth Circuit employed similar language in upholding the dismissal of non-diverse parties based upon fraudulent joinder. See Wiles, 280 F.3d at 871 ("Here, no reasonable basis in fact and law is alleged which will support a claim against the non-diverse defendants" (emphasis added).). Other circuits have also used standards at least as favorable to plaintiffs as the dismissal standard. See, e.g., Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (the party alleging fraudulent joinder must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiffs favor; this standard is even more favorable to plaintiffs than the motion-to-dismiss standard).
This court, therefore, will look to the facial allegations of plaintiffs petition to determine whether there exists a reasonable basis in fact and law supporting her claim against Leboyd. Plaintiffs allegationsthat Leboyd was responsible for maintaining the parking lot, that he was negligent in allowing her near the raised grate, that he knew or should have known that invitees were unaware of the grate, that he negligently failed to warn her, and that he negligently failed to rope off or repair the gratesatisfy the second situation described in Koehr by which employee may be held personally liable to a third party. Because Leboyd has not shown that he has no real connection to the controversy, he has not shown that he was fraudulently joined. See MSOF v. Exxon Corp., 295 F.3d 485, 489 n. 2 (5th Cir.) (the defendants have the burden of showing that all the non-diverse defendants were fraudulently joined, citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)), cert, denied, 123 S.Ct. 623 (2002); cf. Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy."). Moreover, Leboyd is not a "nominal party," as he would be affected by an adverse judgment on the merits. See Thorn, 305 F.3d at 833; Pecherski, 636 F.2d at 1161; BLACK'S LAW DICTIONARY 1145 (7th ed.1999). From the face of the pleadings, considering Leboyd's presence in the case, it appears that the parties' citizenship is not completely diverse and that this court does not have subject matter jurisdiction over the action.
Accordingly,
IT IS HEREBY ORDERED that the motion of plaintiff to remand this case to the state court in which it was filed (Doc. 9) is sustained.
IT IS FURTHER ORDERED that the motion of defendant Donald Leboyd to dismiss (Doc. 7) is deferred to the Circuit Court of the City of St. Louis.
NOTES
[1] The petition named this defendant as "Levoyd"; however, it was undisputed at the January 29, 2003 hearing that the correct spelling is "Leboyd." Therefore, the name change is ordered.