304 F.Supp.2d 1146 (2004)
Geraldine M. MANNING, Plaintiff,
v.
WAL-MART STORES EAST, INC., Wal-Mart Associates, Inc., and Steven Eddington, Defendants.
No. 4:03-CV-1529 CAS.
United States District Court, E.D. Missouri, Eastern Division.
January 28, 2004.
*1147 Gary A. Growe, Blumenfeld, Kaplan & Sandweiss, P.C., St. Louis, MO, for Plaintiff.
James E. Whaley, Brown and James, P.C., St. Louis, MO, for Defendants.

MEMORANDUM AND ORDER OF REMAND
SHAW, District Judge.
This removed matter is before the Court on defendant Steven Eddington's motion to dismiss for pretensive and/or fraudulent joinder, and plaintiff's motion to remand or in the alternative to conduct discovery on the issue of joinder or to voluntarily dismiss. Eddington, a citizen of Missouri, asserts that he was fraudulently joined in this action and therefore his citizenship should be disregarded, with the result that complete diversity of citizenship exists. Plaintiff asserts that this Court lacks diversity jurisdiction because she has asserted a colorable claim against Eddington. The parties have responded to each others' motions. For the following reasons, the Court will grant plaintiff's motion to remand.

Background.
Plaintiff filed this action in the Circuit Court of the City of St. Louis, Missouri, asserting that she sustained personal injuries when she slipped and fell on a wet and slick tile in a Wal-Mart store in Festus, Missouri, on December 11, 1999. Plaintiff asserts claims of negligence based on inter alia failure to warn, failure to maintain the area, and failure to exercise ordinary care to discover the unsafe condition. The defendants are Wal-Mart Stores East, Inc., Wal-Mart Associates, Inc. and Steven Eddington, manager of the Festus Wal-Mart store.
On October 27, 2003, defendants removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. The facts relevant to diversity jurisdiction are: Plaintiff is a citizen of the State of Missouri. The two Wal-Mart defendants are incorporated in the State of Delaware and have their principal places of business in *1148 the State of Arkansas. Eddington is a citizen of Missouri.

Discussion.
This Court must "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir.1987). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir.1997), cert. denied, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998).
A civil action brought in a state court may be removed to the proper district court where the district courts have original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Such an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In this case, plaintiff asserts that this action is not removable because Eddington is a citizen of Missouri. Eddington counters that his joinder is fraudulent and therefore his citizenship is not a bar to removal.
Removal will not be defeated by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir.1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir.2003). "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir.1977.) "However, if there is a `colorable' cause of action  that is, if the state law might impose liability on the resident defendant under the facts alleged  then there is no fraudulent joinder." Filla, 336 F.3d at 810.[1] "[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811. "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 112 (3rd Cir.1990) (reversing district court's order denying remand), cert. denied, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); see Filla, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").
*1149 The issue in this case is whether state law might impose liability on the resident defendant Eddington under the facts alleged. If so, there is no fraudulent joinder and this Court lacks subject matter jurisdiction. See Filla, 336 F.3d at 810. If, however, it is clear under Missouri law that the complaint does not state a cause of action against Eddington, the joinder is fraudulent and federal jurisdiction of the case should be retained. See id. In the petition, plaintiff alleges that Eddington was the manager of the Festus Wal-Mart store and was in "possession and control" of the store at all relevant times. Petition, ¶ 7. Plaintiff alleges that each of the defendants had a duty to maintain the premises in a reasonably safe condition for invitees such as plaintiff, but in violation of this duty negligently permitted a wet and slick tile on the premises which created an unreasonable risk of injury to invitees. Petition, ¶ 10. Plaintiff alleges that defendants were jointly and severally negligent because they: (1) allowed a slippery floor to exist while customers were shopping; (2) failed to warn customers of the presence of this dangerous condition; (3) knew or should have known of the dangerous condition in time to have remedied it or warned plaintiff of it; (4) failed to maintain the area in a reasonably safe condition; and (5) failed to exercise ordinary care to discover the unsafe and dangerous condition in time to put up a warning sign. Petition, ¶ 13.
Defendant Eddington has submitted an affidavit which states that although he was an employee of Wal-Mart at the time of plaintiff's alleged injury, he was not working or performing any duties for Wal-Mart at the time and was not present on the premises of the Festus Wal-Mart store when plaintiff fell. Eddington Aff. at 1. Eddington argues that because he was not on duty and in the store, he cannot be liable to plaintiff and therefore was fraudulently joined in this action, citing State of Missouri ex rel. Kyger v. Koehr, 831 S.W.2d 953 (Mo.App. E.D.1992).
Plaintiff responds that she has asserted a justiciable claim against Eddington. Plaintiff relies on a prior decision of this Court, Augustine v. Target Corporation, 259 F.Supp.2d 919 (E.D.Mo.2003) (J. Noce), as "almost identical" and asserts that it supports remand. In Augustine, the plaintiff slipped and fell on a raised sewer grate in the parking lot of a Target store. Plaintiff sued the store and its manager in state court, alleging negligent maintenance of the parking lot, failure to warn of the danger and failure to barricade or repair the dangerous condition. Id. The case was removed to this Court and the manager moved to dismiss, stating that he was not present at the store when the injury occurred and had no notice of the allegedly dangerous condition of the parking lot. The manager argued that he was fraudulently joined in an attempt to defeat diversity jurisdiction.
Judge Noce observed that an employee may be held personally liable to a third party under Missouri law in certain instances:
First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer. A second situation involves liability on the part of the employee who does not have complete control over the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person. The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control.
Augustine, 259 F.Supp.2d at 921 (quoting State ex rel. Kyger v. Koehr, 831 S.W.2d 953, 956 (Mo.App. E.D.1992) (citations omitted)). Judge Noce looked to the facial *1150 allegations of the plaintiff's complaint and determined that her claim of negligence against the store manager might fall within the second basis for employee liability to a third party. Id. at 922. The Court stated, "Because [the store manager] has not shown that he has no real connection to the controversy, he has not shown that he was fraudulently joined." Id. The case was remanded.
The Court agrees with plaintiff that Augustine is quite similar to the instant case, and finds its reasoning persuasive. Although defendant Eddington avers that he was not present at the Festus Wal-Mart when plaintiff was allegedly injured, he was the store manager and might be liable to plaintiff under Missouri law as set forth in Kyger. See Augustine, 259 F.Supp.2d at 922. The Court must resolve all facts in the plaintiff's favor, see Filla, 336 F.3d at 811, and may not proceed to the merits of the matter in deciding whether it has jurisdiction. Id. Eddington has failed to meet his burden to show that applicable state precedent precludes the existence of a cause of action against him. See Filla, 336 F.3d at 810.
The Kyger decision on which Eddington relies involved a different standard of review than the present case and is therefore distinguishable on that basis. In Kyger, the plaintiff slipped and fell in a Dierberg's grocery store. She sued Dierberg's and the store's custodial manager. The issue before the Missouri Court of Appeals was whether plaintiff pretensively joined the custodial manager in order to gain venue in the Circuit Court of the City of St. Louis. Under Missouri law, when venue is at issue the burden is on the plaintiff to show the law and evidence are such that she "is entitled to an honest belief that a justiciable claim exists against the resident defendant." Kyger, 831 S.W.2d at 956 (citation omitted). Applying this standard to the evidence in the case, the Missouri court determined the plaintiff did not meet her burden to show that at the time she filed suit the information available to her gave "rise to a reasonable legal opinion" that a justiciable claim existed against the custodial manager. Id.
In this case, the burden of proof is on the defendant to show fraudulent joinder, whereas the burden of proof was on the plaintiff in Kyger. This significant distinction makes the Kyger decision unpersuasive.

Conclusion.
For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case because complete diversity of citizenship does not exist. 28 U.S.C. §§ 1332(a), 1447(c). Plaintiff's motion to remand should therefore be granted. Resolution of defendant Eddington's motion to dismiss should be deferred to the state court for determination following remand.
Accordingly,
IT IS HEREBY ORDERED that plaintiff Geraldine M. Manning's motion to remand is GRANTED. [Doc. 8]
IT IS FURTHER ORDERED that defendant Steven Eddington's motion to dismiss shall remain pending for determination by the state court following remand.
IT IS FURTHER ORDERED that this matter is REMANDED to the Circuit Court for the City of St. Louis, Missouri, from which it was removed, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).
NOTES
[1] The term "colorable" is used to describe a cause of action that is reasonable but speculative. Filla, 336 F.3d at 810, n. 10.