# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4095

_____

Calvin L. Larson,                                  *
                                                   *
    Plaintiff - Appellant,             *
                                                   *  Appeal from the United States
v.                                                 *  District Court for the
                                                   *  District of Minnesota.
City of Fergus Falls, et al.,                      *
                                                   *
    Defendants - Appellees.            *

_____

Submitted:  June 15, 2000

Filed:   October 12, 2000

_____

Before LOKEN, ROSS, and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Calvin L. Larson served for many years as a City of Fergus Falls employee, rising to the position of Assistant Public Works Director. The City demoted Larson to Maintenance Supervisor in early 1996. The City suspended Larson in December and terminated him on January 2, 1997. Larson sought certiorari review of his discharge in the Minnesota Court of Appeals. On October 14, 1997, that Court reversed the City's discharge decision "because the city failed to follow the terms of the labor agreement and provide Larson with written notice stating the cause for his dismissal." Larson v. City of Fergus Falls, No. 97-399, 1997 Minn. App. Lexis 1140. On January

5, 1998, the City gave Larson written notice of the reasons for his termination in a letter that referred to the Minnesota Court of Appeals decision.

Larson also commenced this damage action in the district court, alleging that the City breached the relevant collective bargaining agreement, a state law claim, and violated his constitutional right to procedural due process, a federal law claim under 42 U.S.C. § 1983. In January 1999, long after the Minnesota Court of Appeals decision, the district court[1] granted Larson summary judgment on his breach of contract claim but awarded only nominal damages of $1.00. The court granted summary judgment to the City dismissing Larson's due process claim. Larson appeals, arguing the district court erred in awarding only nominal damages and in dismissing his § 1983 due process claim. We affirm.

## I. The Breach of Contract Claim.

In resolving Larson's state law contract claim, the district court held that the Minnesota Court of Appeals decision conclusively established a breach of the collective bargaining agreement, namely, terminating Larson without proper notice. However, the court ruled that Larson could only recover nominal damages because "jurisdictional limitations bar this Court from reviewing whether the City had just cause to terminate Larson," and therefore the record "conclusively demonstrates that Larson would not have retained his employment had he received written notice of the reasons for his termination according to the terms of the contract." Larson appeals that ruling.

Under Minnesota law, judicial review of a local public employer's discretionary decision to terminate an employee is obtained by petitioning the Minnesota Court of Appeals for a writ of certiorari. See Dietz v. Dodge County, 487 N.W.2d 237 (Minn.

---

[1]The HONORABLE JOHN R. TUNHEIM, United States District Judge for the District of Minnesota.

1992).  A terminated employee who has not sought certiorari review may not bring a state law breach-of-contract damage action for wrongful termination in either a state or a federal trial court.  See Willis v. County of Sherburne, 555 N.W.2d 277, 279-82 (Minn. 1996); Charchenko v. City of Stillwater, 47 F.3d 981, 984 (8th Cir. 1995).  This case differs from Willis and Charchenko in that Larson first sought certiorari review and obtained relief from the Minnesota Court of Appeals.  To our knowledge, no reported Minnesota decision has considered whether a terminated public employee may recover breach-of-contract damages in a state trial court after completing certiorari review in the Minnesota Court of Appeals.  The district court was unwilling to preclude such a damage action.  We are inclined to disagree, believing that the Supreme Court of Minnesota would hold that certiorari review preempts *all* breach-of-contract actions, and therefore the certiorari remedy is exclusive.  But we need not decide this unresolved issue of state law because the City has not appealed the award of nominal damages, and there are narrower grounds upon which to affirm that award.

The district court limited Larson to nominal damages because the Minnesota Court of Appeals did not address whether the City lacked just cause to terminate, and that Court has exclusive jurisdiction under state law to decide the just-cause issue.  We agree that, even if the Supreme Court of Minnesota would allow a post-certiorari damage action, a federal court applying Minnesota law has no "jurisdiction" to award damages on the ground that the City lacked just cause to terminate, unless the Minnesota Court of Appeals has decided that issue in favor of the terminated employee.  Because this state law doctrine is couched in jurisdictional terms, Larson argues it violates the principle that state law may not restrict federal court jurisdiction.  Whatever the proper bounds of that principle, it has no application here.  The district court had original jurisdiction over Larson's § 1983 claim.  His breach-of-contract claim is in federal court by reason of the district court's supplemental jurisdiction.  See 28 U.S.C. § 1367.  State law governs this contract claim.  Therefore, we must follow Dietz and Willis in resolving that claim.

Larson also argues on appeal an issue the district court posed but did not answer -- in addition to nominal damages, should the court have awarded Larson damages for lost wages during the period in which the Minnesota Court of Appeals ruled he had not been provided the contractually required notice? The Minnesota Court of Appeals reversed Larson's termination without clarifying whether he was thereby immediately reinstated, and whether the City could remedy the defect with a new notice or must commence a new discharge proceeding. The City responded with its January 1998 letter giving reasons for the termination. Larson argues that the letter "was not grievable and not appealable and cannot be used as an admission of grounds for termination." But these are simply his conclusory assertions, and he avoided available procedures to test their validity. He did not file a new grievance arguing, as he does now, that the January 1998 letter did not comply with the Minnesota Court of Appeals ruling.[2] He did not return to the Minnesota Court of Appeals with a motion or petition contesting the City's response to the Court's reversal, and seeking additional remedies such as reinstatement and back pay. Indeed, he did not even informally demand reinstatement, back pay, and the resumption of his salary.

The Minnesota Court of Appeals was the proper tribunal to resolve disputes over the import of its initial reversal. That Court had the power to issue a writ of mandamus compelling the City to abide by its certiorari decree. See State ex rel. Spurck v. Civil Serv. Bd., 32 N.W.2d 583, 589 (Minn. 1948). Moreover, the collective bargaining agreement provided a procedure for challenging the July 1998 letter, and Larson was required to exhaust that contractual remedy. See Stephens v. Board of Regents of Univ. of Minn., 614 N.W.2d 764, 773 (Minn. 2000). In these circumstances, even if a terminated public employee may bring a breach-of-contract action in a trial court after

---

[2]Larson attempted to grieve his discharge in January 1997, but the City and the union representing its supervisory employees rejected the grievance on the ground that Larson was not covered by the collective bargaining agreement. The Court of Appeals disagreed, holding that the agreement "clearly covers Larson."

-4-

completing certiorari review in the Minnesota Court of Appeals, the district court properly limited Larson to nominal damages in this collateral lawsuit.

## II.  The Due Process Claim.

A public employee may not be deprived of a property interest in continued employment "except pursuant to constitutionally adequate procedures." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985).  The City concedes that Larson had a property interest in continued employment.  Due process requires "some kind of a hearing" prior to the termination.  If a full post-termination hearing is available, the pre-termination hearing may be "something less than a full evidentiary hearing" but should serve as an "initial check against mistaken decisions."  Id. at 542, 545-46.  Larson argues he was denied both pre-termination and post-termination due process.  These are issues of federal constitutional law.[3]  We review the grant of summary judgment *de novo*.  See Flath v. Garrison Pub. Sch. Dist. No. 51, 82 F.3d 244, 246 (8th Cir. 1996).

**A.  The Pre-Termination Process.**  Larson was suspended in mid-December 1996.  He testified that the reasons given for the suspension were "negative attitude and resentment."  During the suspension, the City continued its investigation of Larson's job performance and uncovered additional evidence he had harassed City employees and failed to carry out the functions of his job.  On December 30, Larson's immediate supervisor, Public Works Director Donald Eisenhuth, met with Larson and informed him that he should resign or the City would terminate him.  Larson testified that the reason given by Eisenhuth at this meeting was Larson's "management style."  On

---

[3]As the district court recognized, the decision of the Minnesota Court of Appeals did not resolve the due process issue.  That Court decided Larson did not receive a written notice of dismissal required by the collective bargaining agreement.  A notice required by contract is not necessarily required as a matter of federal constitutional law. See Schleck v. Ramsey County, 939 F.2d 638, 642 n.4 (8th Cir. 1991).

January 2, 1997, Larson submitted his resignation. When he rescinded the resignation some days later, the City sent him a formal notice of termination offering him five days "to request in writing the reasons for your termination." Larson made no such request.

Larson contends that the December 30 meeting with Eisenhuth failed to meet the minimal requirements of pre-termination due process because he was not given advance notice of the charges against him, he was not told what would occur at the meeting, he was not told enough to provide a meaningful basis on which he could respond, and the meeting was only with Eisenhuth and the City Engineer, who were not the final decision makers.[4] We disagree. At the pre-termination stage, "[t]he tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Loudermill, 470 U.S. at 546. "The hearing does not have to precede the termination decision, but only must precede the termination of benefits. It does not have to be a formal hearing; informal meetings with supervisors are sufficient." Schleck, 939 F.2d at 641 (citations and quotation omitted); accord Riggins v. Board of Regents of Univ. of Neb., 790 F.2d 707, 711 (8th Cir. 1986). Nor is the employer required to provide all the details of the charges against the employee. Schleck, 939 F.2d at 642.

Throughout 1996, Larson was repeatedly criticized for his negative and angry attitude on the job. He knew that was the basis for his mid-December suspension. At the December 30 meeting, Eisenhuth told Larson he was being terminated for his management style and gave Larson three days to decide whether to voluntarily resign or be terminated. When Larson chose to voluntarily resign, the City understandably provided no further pre-termination process. Given the post-termination process available -- the collective bargaining agreement grievance procedures and judicial

---

[4]City Administrator James Nitchals testified that he relied on Eisenhuth's recommendation in deciding to terminate Larson.

-6-

review by writ of certiorari -- we agree with the district court that the City provided Larson constitutionally adequate pre-termination process.

**B.  The Post-Termination Process.**  Although the grievance Larson filed was unsuccessful, he obtained post-termination relief by filing a writ of certiorari in the Minnesota Court of Appeals, which reversed his termination because the City failed to provide the written notice required by the collective bargaining agreement.  Though successful, Larson contends this post-termination process was constitutionally inadequate.  First, he argues we should ignore the judicial review of his discharge because the City must afford him procedural due process.  This is a remarkably misguided contention.  The right to a judicial hearing is the classic protection provided by the Due Process Clause against arbitrary deprivations of life, liberty, or property.  With the rise of administrative adjudicatory proceedings, the Supreme Court has held that due process requires "some form of hearing," not necessarily judicial, but timely and adequate as a matter of federal law to accommodate the competing interests involved.  See, e.g., Logan v. Zimmerman Brush Co., 455 U.S. 422, 433-37 (1982).  The Court has never suggested that judicial review of an adverse administrative decision does not "count" in determining whether due process was afforded.  Indeed, in Loudermill, the Court explicitly referred to "a full administrative hearing *and judicial review*" as the post-termination procedures that warranted a less elaborate pre-termination process.  470 U.S. at 545 (emphasis added).

Second, Larson argues he was denied post-termination due process because the City's January 1998 letter stating reasons for his termination "was neither a personal action he could grieve, nor an official action of the city for which a writ [of certiorari] could have been sought."  But these are issues of contract and state law.  After he received the January 1998 letter, Larson did nothing to enforce or take advantage of the favorable Minnesota Court of Appeals decision.  He did not file a new grievance challenging the City's belated attempt to comply with the collective bargaining agreement's notice requirement.  He did not petition the Minnesota Court of Appeals

for a writ of mandamus to compel the City to take a different action in the wake of that Court's decision. As a matter of federal law, the requirement of adequate post-termination due process might include some procedural mechanism by which Larson could enforce the Minnesota Court of Appeals reversal against a reluctant employer. But those procedures appear to have been available, both in the collective bargaining agreement and in the Minnesota law of certiorari. Larson failed to invoke those procedures. "Due process in this context does not require more." Riggins, 790 F.2d at 712.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.