Joseph LASTIH, on behalf of himself and all others similarly situated, Plaintiff,

v.

ELK CORP. OF ALABAMA, Defendant.

Civ.No. 3:00cv1444(PCD).

United States District Court, D. Connecticut.

May 1, 2001.

Richard M. Quinlan, Walter A. Twacht-
man, Jr., Boatman, Boscarino, Grasso &
Twachtman, Glastonbury, CT, John C.
Martland, Martland & Brooks, Saugus,
MA, for plaintiffs.

Richard . L. Josephson, David George, Keith Jaasma, Baker & Botts, Houston, TX, Charles F. Corcoran, III, Howard K. Levine, Carmody & Torrance, New Haven, CT, for defendant.

## RULING ON PLAINTIFF'S MOTION TO REMAND

DORSEY, Senior District Judge.

Plaintiff moves to remand the case to the Connecticut Superior Court, arguing that there is no subject matter jurisdiction. The motion is **granted.**

## I. BACKGROUND

Plaintiff alleges that he suffered damages as a result of purchasing and installing defective roof shingles manufactured by defendant. He seeks a declaration, on behalf of himself and others in his class, that defendant's warranty is unconscionable, and he requests reformation of the warranty. Plaintiff claims damages for: 1) breach of written warranty pursuant to 15 U.S.C. §§ 2301(6) and 2310(d)(1)(A) and Conn.Gen.Stat. § 42a–2–313; 2) breach of implied warranties pursuant to 15 U.S.C. §§ 2301(7) and 2310(d)(1) and Conn.Gen. Stat. § 42a–2–314(2)(c); and 3) violation of the Connecticut Unfair Trade Practices Act ("CUTPA") and other state deceptive trade practices statutes.

Plaintiff brought this purported class action in the Hartford Connecticut Superior Court on June 26, 2000. Defendant removed the suit to this Court on August 1, 2000, on the basis of diversity jurisdiction and supplemental jurisdiction. Plaintiff now moves to remand this suit back to Connecticut Superior Court.

## II. DISCUSSION

### A. *Legal Standard*

Defendant bears the burden of showing that removal was proper. *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298, 300 (2d Cir.1994). The removal statutes are to be strictly construed, *Somlyo v. J. Lu–Rob Enters., Inc.,* 932 F.2d 1043, 1045–46 (2d Cir.1991), and doubts as to the existence of federal jurisdiction are to be resolved in favor of state court jurisdiction, *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 273 (2d Cir.1994).

### B. *Federal Question Jurisdiction*

In its Notice of Removal, defendant does not assert federal question jurisdiction as a basis for removal. It does, however, argue in its objection to plaintiff's motion to remand that the case is properly in federal court because there is federal question jurisdiction.

In general, a notice of removal in a civil action must be filed within thirty days after defendant receives copies of the initial pleadings. 28 U.S.C. § 1446(b). A defendant may not amend its notice of removal after the thirty days elapses to remedy a substantive defect in its removal petition. *Briarpatch Ltd. v. Pate,* 81 F.Supp.2d 509, 517 (S.D.N.Y.2000). "Failure to assert federal question jurisdiction as a basis for removal is a substantive defect." *Id.* Accordingly, federal question jurisdiction cannot serve as a basis for removal.

### C. *Diversity Jurisdiction*

Plaintiff seeks to remand, arguing that diversity jurisdiction does not exist because the amount in controversy between the defendant and each individual member of the putative class does not exceed $75,000. Defendant disagrees, arguing that: 1) the economic impact of injunctive relief exceeds $75,000; 2) attorney's fees and a possible award of punitive damages may be taken into account when determining the amount in controversy, and they

bring the case within the jurisdiction of the Court; and 3) the "common fund" doctrine applies in this case, allowing the aggregation of the putative class members' claims in calculating the amount in controversy.

### 1. *Economic Impact of Injunctive Relief*

■ Defendant argues that, because it is defendant invoking the Court's jurisdiction, the amount in controversy should be measured from defendant's perspective. It asserts that where a plaintiff seeks injunctive relief, the amount in controversy can be determined by the cost to defendant to comply with the injunction.

■ Title 28 U.S.C. § 1332 provides that district courts have jurisdiction over diversity suits "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In general, the jurisdictional amount cannot be satisfied through the aggregation of claims. *See Zahn v. International Paper Co.,* 414 U.S. 291, 300, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) ("[E]ach of several plaintiffs asserting separate and distinct claims must satisfy the jurisdictional-amount requirement ...."). This rule pertains to class actions. *See id.* at 301, 94 S.Ct. 505; *Snyder v. Harris,* 394 U.S. 332, 335–36, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Where a plaintiff seeks injunctive relief, however, "the value of his claim is generally assessed with reference to the right he seeks to protect and measured by the extent of the impairment to be prevented by the injunction." *See A.F.A. Tours, Inc. v. Whitchurch,* 937 F.2d 82, 87 (2d Cir.1991).

In the instant case, defendant claims that the warranty changes that plaintiff proposes will cost defendant at least $35 million. It contends that plaintiff seeks an injunction that will require defendant to pay for labor and allow subsequent purchasers of homes to bring warranty claims. Plaintiff states that the typical cost to replace the roofs is between $3500 to $7500. Plaintiff estimates the class to be 10,000 homeowners. Thus, multiplying $3500 by 10,000, defendant arrives at the $35 million figure.

Defendant misstates the injunctive relief sought and conflates the damages plaintiff seeks with the costs stemming directly from the injunction. The injunction sought would require defendant to notify all class members of the reformation of the warranty; direct defendant to allow a reasonable time after the notice for class members to pursue a warranty claim; and direct defendant to recalculate its warranty liabilities, in accordance with the reformed warranty, to any class members who previously resolved warranty claims with defendant. The $35 million amount that defendant states as its cost in complying with the proposed injunction is more accurately regarded as the aggregate damages sought. There is no significant monetary distinction between the benefit the class action plaintiffs would receive versus the cost to defendant. Moreover, the Second Circuit has displayed skepticism with respect to measuring the amount in controversy in a class action by the value of the object of the litigation or the stake to defendant. *See Gilman v. BHC Securities, Inc.,* 104 F.3d 1418, 1420 n. 2 (2d Cir.1997) (stating that "the soundness of such a jurisdictional premise is not obvious"). *Gilman* expressed concern that, "[i]n a diversity-based class action seeking primarily money damages, allowing the amount in controversy to be measured by the defendant's costs would eviscerate *Snyder [v. Harris]*'s holding that the claims of class members may not be aggregated in order to meet the jurisdictional threshold." *Id.* (citing *Packard v. Provi-*

dent Nat'l Bank, 994 F.2d 1039, 1050 (3d Cir.1993)).

Accordingly, the amount in controversy is not properly measured here from the defendant's perspective. As the damages, from the perspective of each individual putative class plaintiff, potentially range from $3500 to $7500, the amount in controversy is not met.

**2. *Attorney's Fees and Punitive Damages***

■■ Defendant argues that including attorney's fees and punitive damages in the amount in controversy calculation places this case properly in federal court. However, attorney's fees cannot be aggregated to manufacture diversity jurisdiction as such would be inconsistent with *Zahn.* Prospective attorney's fees should not be used "as a bootstrap for establishing federal jurisdiction" in class actions. *Colon v. Rent–A–Center, Inc.,* 13 F.Supp.2d 553, 562 (S.D.N.Y.1998). It strains credulity to believe that, without aggregating fees, an award of attorney's fees would bring this case anywhere close to the amount in controversy.

■ Punitive damages also may not be aggregated. *See Gilman,* 104 F.3d at 1428. Plaintiff's prayer for punitive damages does not state a dollar amount, and defendant does not allege facts adequate to establish that the amount in controversy would be met by an award of punitive damages. As doubts are to be resolved against removability, *see id.,* defendant's claim that the amount in controversy is met based on a possible award of attorney's fees and punitive damages fails.

**3. *Common Fund Doctrine***

■ Finally, defendant argues that diversity jurisdiction is proper pursuant to the common fund doctrine because plaintiffs are uniting to enforce a single right

created by the same warranty provisions. Accordingly, defendant contends that the claims of the putative class may be aggregated to determine the amount in controversy. The common fund doctrine is only applied, however, when the parties have a "common, undivided interest." *Id.* at 1423. Where, as here, claims "*could be* adjudicated on an individual basis," *id.,* the common fund exception to the non-aggregation rule is inapplicable.

## III. CONCLUSION

As the Court lacks subject matter jurisdiction, plaintiff's motion to remand (doc. 16) is hereby **granted.**

SO ORDERED.