**Joel D. McNERNY, Plaintiff,**

v.

**NEBRASKA PUBLIC POWER DISTRICT, Defendant.**

No. 4:03 CV 3387.

United States District Court,
D. Nebraska.

Jan. 5, 2004.

Corey L. Stull, Joshua J. Schauer, Perry, Guthery Law Firm, Lincoln, NE, for Plaintiff.

Beth E. Kirschbaum, Cline, David R. Buntain, Cline, Williams Law Firm, Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

The plaintiff, Joel D. McNerny ("McNerny") filed suit against the Nebraska Public Power District ("NPPD") in the District Court of Nemaha County, Nebraska on October 1, 2003. NPPD was served with a summons and complaint on October 14, 2003 and timely filed its notice of removal on October 31, 2003. Filing 1. The plaintiff has moved to remand the case, citing a defect in the defendant's notice of removal deprives this court of jurisdiction of the plaintiff's state law claims. Filing 7. NPPD moved to amend the removal notice to cite the court's supplemental jurisdiction over the state law claims, (filing 3), but the plaintiff argues this motion is untimely and must be denied. Filing 9.

For the reasons discussed herein, I conclude plaintiff's motion to remand should be denied and NPPD's motion to amend the removal notice should be granted.

### STATEMENT OF FACTS

The parties' respective arguments are based solely on the filings in this case and the allegations of plaintiff's complaint. No additional evidence was submitted for the court's determination of subject matter jurisdiction. The factual statements in plaintiff's complaint, as more fully discussed hereafter, are considered undisputed for the purpose of determining this motion for remand.

McNerny was employed by NPPD at the Cooper Nuclear Station ("CNS") from June 3, 1996 until June 30, 2003. Filing 1, Exhibit A, Amended Complaint ¶ 3. Sometime in 2002 he and other NPPD employ-

ees at CNS were told CNS would likely be closed on September 21, 2004. Filing 1, Exhibit A, Amended Complaint ¶ 5.

On July 8, 2002 McNerny entered into an Employee Retention Agreement with NPPD wherein McNerny agreed to continue working for NPPD until September 21, 2004 in exchange for NPPD agreeing to provide the following benefits to plaintiff upon CNS' closure: 1) a "stay benefit" of twenty-six weeks of base salary on September 21, 2004 or when CNS ceased operation, whichever occurred first; 2) protection against loss of value to plaintiff's primary residence; and 3) relocation assistance benefits in the event of relocation. Filing 1, Exhibit A, Amended Complaint ¶ 6.

On June 5, 2003 plaintiff was placed on administrative leave until "further notice" for allegedly incurring excessive and unauthorized expenses for work-related business trips. Prior to being placed on leave, he was questioned about the expenses on two separate occasions but NPPD never requested reimbursement. NcNerny asked to speak to an attorney during the questioning, but this request was denied. On June 17, 2003, NPPD terminated McNerny's paid administrative leave and he was placed on suspension without pay. Filing 1, Exhibit A, Amended Complaint ¶ 7.

Because of the allegedly hostile work environment and retaliatory conduct plaintiff experienced at CNS, and in an attempt to avoid the damages resulting from the possibility of being fired, McNerny submitted a formal resignation on June 9, 2003 which was to be effective on July 1, 2003. The resignation was not formally accepted. Instead, NPPD acknowledged its submission and modified its terms to eliminate plaintiff's entitlement to financial and medical benefits. Filing 1, Exhibit A, Amended Complaint ¶ 9. In response, the plaintiff withdrew his resignation on June 27, 2003.

Filing 1, Exhibit A, Amended Complaint ¶ 10.

The plaintiff alleges NPPD violated his rights under the Due Process Clause. He alleges NPPD failed to comply with its Human Resources Policies when it refused to provide the plaintiff with details and documentation of NPPD's allegations, suspended him without pay, and denied his right to use the Employee Concerns Program, pursue a formal grievance procedure, and review his personnel record. Filing 1, Exhibit A, Amended Complaint ¶ 11.

The plaintiff claims his employment was constructively terminated by NPPD; the process of doing so violated his rights under NPPD's Employee Handbook and Human Resources Policies; and the effect of the termination was to deny his entitlement to benefits under the Employee Retention Agreement. He seeks compensation and specific performance for violation of his due process rights under 42 U.S.C. § 1983, and asserts a right to relief under the state law theories of breach of contract, promissory estoppel, and wrongful termination. Filing 1, Exhibit A, Amended Complaint ¶¶ 12–28.

NPPD removed this case to federal court and in its notice of removal states "[t]his Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983." Filing 1, Notice of Removal ¶ 4. NPPD also filed an answer and counterclaim. NPPD's counterclaim seeks reimbursement for the alleged unauthorized business expenses incurred by the plaintiff which formed the basis of NPPD's decision to terminate plaintiff's employment. Filing 5.

## ANALYSIS

Plaintiff's motion to remand claims this court should not exercise sub-

ject matter jurisdiction over plaintiff's case. The propriety of removal depends on whether the case originally could have been filed in federal court. *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)(alleging a violation of the Due Process and Equal Protection Clauses). As the party opposing remand, NPPD has the burden of establishing federal subject matter jurisdiction. *Green v. Ameritrade, Inc.,* 279 F.3d 590 (8th Cir. 2002). Under 28 U.S.C. § 1441(a), the defendant may remove a civil action filed in state court to the federal court of the forum state if the federal court could have exercised original jurisdiction over the case. When a federal court has original jurisdiction over a federal question raised in a removed case, pursuant to 28 U.S.C. § 1367, it has supplemental jurisdiction (formerly known as pendent and ancillary jurisdiction) over any alleged state law claims arising from the same core of operative facts. *City of Chicago,* 522 U.S. at 164, 118 S.Ct. 523.

 NPPD's notice of removal states that under 28 U.S.C. § 1331, federal subject matter jurisdiction exists over plaintiff's suit because the plaintiff has alleged a right to relief under 42 U.S.C. § 1983. "Federal question jurisdiction exists if the 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williams v. Ragnone,* 147 F.3d 700, 702 (8th Cir.1998)(quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). A complaint which asserts claims under 42 U.S.C. § 1983 for alleged violations of federal constitutional rights raises a federal question within the original jurisdiction of the federal courts. *Williams,* 147 F.3d at 702. " '[T]he presence of even one federal claim gives the

defendant the right to remove the entire case to federal court.'" *Id.* (quoting *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996)).

The plaintiff is not arguing that federal question jurisdiction is lacking. The plaintiff claims:

> Defendant failed to assert any jurisdictional grounds for the other four state law causes of action brought by Plaintiff within the 30 days allowed under 28 U.S.C. § 1446 and, thus, removal of those claims was not perfected. Consequently, Plaintiff's claims are now pending in two different courts and, as such, constitute an inefficient use of judicial resources. Because all but one of Plaintiff's claims are grounded in state law, it is clear that state law predominates and this Court should remand the § 1983 claim back to state court. Furthermore, Defendant has filed an Answer which asserts a state law based counter-claim which is an additional reason for remanding the instant case back to the District Court of Nemaha County.

Filing 8, Plaintiff's brief in support of remand at p. 1–2.

The plaintiff's motion advances the following arguments in support of remand: 1) NPPD's removal was defective and the plaintiff's state claims remain pending in state court because the removal notice does not specifically cite to the court's supplemental jurisdiction under 28 U.S.C. § 1367; 2) the defendant's motion to amend its removal notice to repair the defect is untimely and must be denied; 3) the court has discretion to decline jurisdiction and remand the case because plaintiff has asserted predominantly state law claims; and 4) remand is appropriate because the defendant has filed a state law counterclaim.

The plaintiff claims that absent a specific statement in NPPD's removal notice

identifying the court's supplemental jurisdiction, the removal notice is defective, the state law claims are not removed, and remand of the entire case is required. The plaintiff also claims NPPD's motion to amend the notice of removal and cite to the court's supplemental jurisdiction, (filing 3), must be denied because NPPD "failed to plead federal jurisdiction with care in its original Notice of Removal and cannot now, more than thirty days after Plaintiff filed his state court complaint, correct its mistake and provide a new jurisdictional ground." Filing 9, plaintiff's brief at p. 4.

 A notice of removal may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal. *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir.1982). After that thirty-day period the notice may be amended to add specific facts which further explain the grounds for removal stated in the original removal notice, but not to add a completely new basis for removal jurisdiction. *Lastih v. Elk Corp.*, 140 F.Supp.2d 166 (D.Conn.2001)(after thirty-day period expired, defendant could not amend notice of removal to add claim of federal question jurisdiction when original removal notice asserted diversity grounds). See also, 14C Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3733 at p. 357–61 (1998) and extensive listing of authorities cited therein.

NPPD's motion to amend its notice of removal was filed more than thirty days after it was served with plaintiff's state court complaint. Therefore, the question raised by plaintiff's motion to remand and his objection to NPPD's motion to amend the removal notice is whether stating that supplemental jurisdiction exists over the state law claims adds a new basis for removal jurisdiction not previously and timely set forth in the original removal notice.

 Section 1441(a) provides that removal is only proper where the federal district court has "original jurisdiction" over the state court case. The supplemental jurisdiction statute, 28 U.S.C. § 1367, is not a source of original federal subject matter jurisdiction and cannot provide an independent basis for removal or authorize removal under § 1441. *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702 (8th Cir.2003). Provided the defendant has stated a sufficient and independent basis for subject matter jurisdiction over a case originally filed in state court, amending the notice of removal to articulate the court's supplemental jurisdiction does not add a new basis for asserting federal jurisdiction over state law claims if the facts stated in plaintiff's complaint reflect that the state claims are within the court's supplemental jurisdiction. *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp.2d 1260, 1270 (D.Or.2001).[1]

 This interpretation of the jurisdictional pleading requirements on removal is consistent with the obligation imposed on plaintiffs who choose to file their case in a federal forum. There is nothing in the federal rules which states that a defendant must plead federal jurisdiction with more specificity or in a different manner than a

---

1. The plaintiff cites *ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana*, 213 F.3d 1108 (9th Cir.2000) in support of his argument that no subject matter jurisdiction exists over state law claims absent a specific statement of supplemental jurisdiction in the notice of removal. *ARCO* does not stand for this proposition. Under *ARCO*, if the court determines that no federal law claims were presented in the plaintiff's complaint, and no other basis for subject matter jurisdiction is stated in the original removal notice, the notice cannot be amended to add allegations of supplemental jurisdiction more than thirty days after the defendant was served.

plaintiff asserting federal jurisdiction. The jurisdictional pleading requirements for plaintiffs filing a complaint or defendants filing a notice of removal are both governed by the same interpretation of the "well-pleaded complaint rule." See, *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

■ Under Rule 8(a)(1), "a jurisdictional basis need not be pleaded to establish supplemental jurisdiction over a claim where the court's jurisdiction over the primary claim has been established." 61A Am.Jur.2d Pleading § 179 (2003). Although the common and cautious practice is to include the allegation in the complaint, where subject matter jurisdiction exists under 28 U.S.C. § 1331, supplemental jurisdiction need not be specifically pleaded if the relationship between the federal claim and the state claim permits the conclusion that the entire action is derived from a common nucleus of operative fact. *In re Ford Motor Co. Ignition Switch Products Liability Litigation,* 39 F.Supp.2d 458, 469 (D.N.J.1999)(quoting 5 Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1207 at p. 97–98 (1990)). See also, *Lykins v. Pointer, Inc.,* 725 F.2d 645, 647 (11th Cir.1984); *Leather's Best, Inc. v. S.S. Mormaclynx,* 451 F.2d 800, 809 n. 10 (2d Cir.1971) ("[p]endent jurisdiction is not [a] matter which must be pleaded since the court already has jurisdiction over the case."); *Carlo C. Gelardi Corp. v. Miller Brewing Co.,* 421 F.Supp. 237, 241 n. 3 (D.N.J.1976).

■ By raising his § 1983 claims alleging a violation of due process, the plaintiff subjected himself to the possibility that NPPD would remove the case to federal court. *Williams,* 147 F.3d at 702 (citing *City of Chicago v. International College of Surgeons,* 522 U.S. at 164, 118 S.Ct. 523). Therefore, irrespective of whether supplemental jurisdiction is specifically alleged in the removal notice, if the plaintiff's state law claims arise from the same case or controversy as his section 1983 claims, the court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a). *Williams,* 147 F.3d at 702.

■ If, when "considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The plaintiff's complaint against NPPD alleges plaintiff was confronted regarding unauthorized business expenses, and in the course of responding to these allegations, was denied rights afforded him under NPPD's employee manuals and ultimately lost benefits he was entitled to under his Employee Retention Agreement with NPPD. This same set of facts supports plaintiff's claims alleging violation of his due process rights under 42 U.S.C. § 1983, and his state law breach of contract, specific performance, promissory estoppel, and wrongful termination claims. See filing 1, Exhibit A, Amended Complaint ¶¶ 12–28. Under these circumstances, the "relationship between the federal claim and the state claim[s] permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *City of Chicago,* 522 U.S. at 165, 118 S.Ct. 523 (quoting *Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). The plaintiff's state claims and federal due process claim arise from the same transaction, his loss of employment at NPPD. The court has supplemental jurisdiction over the state law claims. *Hammer v. City of Osage Beach,* 318 F.3d 832, 835 (8th Cir. 2003)(court could exercise supplemental jurisdiction over state wrongful termination

and defamation claims where plaintiff was also alleging termination deprived him of property interest without due process); *Larson v. City of Fergus Falls,* 229 F.3d 692, 695 (8th Cir.2000)(where plaintiff alleged violation of due process resulted in loss of employment, state breach of contract claim was within the court's § 1367 jurisdiction).

■ I conclude that plaintiff's case is within the court's original federal question subject matter jurisdiction, the state claims are within the court's supplemental jurisdiction, and although defendant's notice of removal does not mention supplemental jurisdiction, this failure cannot divest the court of its properly pleaded original jurisdiction over plaintiff's entire case. Any amendment of the removal notice to plead supplemental jurisdiction will not add a new ground for assuming jurisdiction but merely serve to clarify the extent of the court's existing jurisdiction over this case. Therefore, defendant's motion to amend the removal notice more than thirty days after it was served with plaintiff's complaint will be granted.

Citing 28 U.S.C. § 1367(c)(2) and 28 U.S.C. § 1441(c), the plaintiff contends even if the court has subject matter jurisdiction over this case, it should refuse to exercise this jurisdiction and remand the case. The plaintiff claims the court has discretion to refuse jurisdiction because the plaintiff's lawsuit asserts predominantly state law claims. Filing 8, plaintiff's brief at p. 8–9.

■ Under the facts alleged in plaintiff's complaint, 28 U.S.C. § 1441(c) does not afford the court discretion to refuse exercising subject matter jurisdiction over the plaintiff's case. 28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Section § 1441(c) provides no basis for declining jurisdiction over pendent state law claims within the court's supplemental jurisdiction because pendent claims are not "separate and independent" within the meaning of the removal statute. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 354, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

■ When federal question jurisdiction exists over the case, and the court also has supplemental jurisdiction over plaintiff's state claims, the federal court does not have discretion to refuse jurisdiction except as provided in 28 U.S.C. § 1367(c). *McLaurin v. Prater,* 30 F.3d 982, 985 (8th Cir.1994). The plaintiff argues that federal jurisdiction should be declined under 28 U.S.C. § 1367(c)(2) because his state claims "substantially predominate[ ] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).[2] A federal court will find substantial predominance when it appears that "a state claim constitutes the real body of a case, to which the federal claim is only an append-

---

**2.** The plaintiff has not argued and the evidence does not support any claim that 28

U.S.C. § 1367(c)(1), (c)(3), or (c)(4) permit discretionary refusal to exercise jurisdiction.

age." *De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 309 (3d Cir.2003)(quoting *Gibbs,* 383 U.S. at 727, 86 S.Ct. 1130). "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs,* 383 U.S. at 726–27, 86 S.Ct. 1130.

■ Although the plaintiff argues that his state claims substantially predominate over the federal due process claim, the scope of the issues presented, the damages alleged, and the evidence required to prove the state and federal claims are substantially the same. Whether based on an alleged due process violation or Nebraska common law, for each theory plaintiff "prays for judgment against the Defendant on his causes of action for specific Performance of the Employee Retention Contract, actual damages, compensatory damages, attorney's fees and costs, and for such relief as the Court deems appropriate." Filing 1, Exhibit A, Amended Complaint at p. 7. Such circumstances do not support an argument that the federal claim is dominated by or a mere appendage to the alleged state claims. See, e.g., *Williams,* 147 F.3d at 703 (district court lacked discretion to refuse supplemental jurisdiction and remand state tort claims arising from same case or controversy as section 1983 claim of excessive force); *McLaurin,* 30 F.3d at 985 (where factual bases for inmate's § 1983 claim and state tort claims were closely related, court could not refuse to exercise supplemental jurisdiction and substantial interests would be served by having the district court rule on the state-law claims); *Karstens v. International Gamco, Inc.,* 939 F.Supp. 1430, 1441 (D.Neb.1996)(state infliction of emotional distress claim did not substantially predominate over Title VII discrimination claim based on the same facts and, even if

court had discretion to refuse jurisdiction, supplemental jurisdiction was warranted where separate trials would be duplicative).

■ The plaintiff argues that in addition to the state claims raised by the plaintiff, the defendant has raised a state law counterclaim. He argues this counterclaim further supports his request for discretionary remand. This argument is without merit.

The defendant's counterclaim asserts a claim for reimbursement of allegedly unauthorized business expenses. According to the answer and counterclaim, the plaintiff's misconduct in incurring these alleged unauthorized business expenses formed the basis of NPPD's decision to terminate plaintiff's employment. The counterclaim is therefore a compulsory counterclaim because it arises out of the same transaction or occurrence that is the subject matter of the plaintiff's claims. If the federal court has jurisdiction over plaintiff's claims, it has supplemental jurisdiction over the defendant's compulsory counterclaims. *St. Jude Medical, Inc. v. Lifecare Intern., Inc.,* 250 F.3d 587, 594 (8th Cir.2001). The defendant's counterclaim and the plaintiff's claims will require substantially the same trial evidence. The counterclaim does not authorize the court to refuse jurisdiction or remand this case to the state court.

I conclude that 28 U.S.C. § 1367(c)(2) and 28 U.S.C. § 1441(c) do not grant this court discretion to refuse jurisdiction of the plaintiff's case or the defendant's counterclaim. The court has federal question subject matter jurisdiction. Though technically unnecessary, the defendant's notice of removal may be amended to affirmatively state that the court has supplemental jurisdiction over the pending state law claims. Plaintiff's motion for remand must be denied.

IT THEREFORE HEREBY IS ORDERED:

1. Plaintiff's motion for remand, filing 7, is denied.

2. Defendant's motion for leave to amend its notice of removal, filing 3, is granted.