333 F.Supp.2d 841 (2004)
SYNERGETICS, INC., Plaintiff,
v.
Charles Richard HURST, Jr., and Michael McGowan, Defendants.
No. 4:04 CV 318 DDN.
United States District Court, E.D. Missouri, Eastern Division.
August 13, 2004.
*842 Douglas R. Wilner, Harness and Dickey, Matthew L. Cutler, Harness and Dickey, Rudolph A. Telscher, Jr., Harness and Dickey, St. Louis, MO, for Plaintiff.
Dutro E. Campbell, II, Husch and Eppenberger, LLC, Gregory E. Upchurch, Husch and Eppenberger, St. Louis, MO, for Defendants.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This matter is before the court on the motions of plaintiff Synergetics, Inc. (Synergetics), to remand this case to state court (Doc. 14) and for leave to file a second amended complaint (Doc. 39), as well as the motion of defendants Charles Richard Hurst, Jr., and Michael McGowan for leave to file an amended notice of removal (Doc. 19), defendants' motion to dismiss or, in the alternative, to transfer (Doc. 10), and defendants' amended motion to dismiss or, in the alternative, to transfer (Doc. 25). Oral argument was heard on June 25, 2004, on all of the motions but for the one concerning a second amended complaint. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

I. BACKGROUND
In short, this action concerns allegations that defendants misappropriated plaintiff's trade secrets in connection with the formation of their new corporation, Innovatech Surgical, Inc., and in doing so breached confidentiality agreements with plaintiff and intentionally interfered with plaintiff's business relationships with its customers. The action was originally removed from the Circuit Court for the County of St. Louis, Missouri (Circuit Court) to this court by defendants on March 17, 2004. (Doc. 1.)
On March 23, defendants moved to dismiss for lack of personal jurisdiction, failure to state a claim, and improper venue or, alternatively, to transfer the action to the District of New Jersey. (Docs. 10-11.) On May 5, plaintiff moved to remand to the Circuit Court on the basis that defendants have not demonstrated that the amount in controversy exceeds $75,000. (Docs. 14-15.) Thereafter, on May 14, defendants moved for leave to file an amended notice of removal. (Doc. 19.) Next, on May 18, plaintiff filed in this court a first amended complaint, claiming trade secret misappropriation (Count I), intentional interference with business relationships (Count II), and breach of contract (Count III). (Doc. 22.) Defendants have now moved to dismiss the first amended complaint or to transfer to the District of New Jersey. (Doc. 25.) On July 2, plaintiff moved for leave to file a second amended complaint. (Doc. 39.)

*843 II. DISCUSSION
A. Motion for leave to file an amended notice of removal
Plaintiff does not oppose amendment of defendants' notice of removal. See Mo. v. Coeur D'Alene Tribe, No. 97-0914-CV-W-6, 1997 WL 603834, at *1 (W.D.Mo. Sept. 29, 1997) (granting the defendants' unobjected-to request to amend its notice of removal), vacated on other grounds, 164 F.3d 1102, cert. denied, 527 U.S. 1039, 119 S.Ct. 2400, 144 L.Ed.2d 799 (1999). Moreover, the amended notice of removal does not add a new basis for jurisdiction; defendants have consistently maintained that the amount in controversy exceeds $75,000. Rather, it simply provides additional details and exhibits concerning the amount in controversy. See Smiley v. Citibank, 863 F.Supp. 1156, 1158 (C.D.Cal.1993). Therefore, defendants' motion for leave to file an amended notice of removal will be granted. See McNerny v. Neb. Pub. Power Dist., 309 F.Supp.2d 1109 (D.Neb.2004); cf. City of Univ. City v. AT & T Wireless Servs., Inc., 229 F.Supp.2d 927, 931 (E.D.Mo.2002).
B. Motion to remand
Plaintiff's motion to remand is grounded on the argument that defendants have not demonstrated that the amount in controversy exceeds $75,000. (Docs. 14-15.) See 28 U.S.C. § 1332(a) (amount-in-controversy requirement); Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969) ("The party asserting federal jurisdiction ... has the burden of establishing that the required amount is in controversy."); see also Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo.2004). If an initial pleading does not reveal on its face that the plaintiff is seeking damages in excess of the jurisdictional minimum, the federal court may look to the petition for removal. See Chapman v. Powermatic, Inc., 969 F.2d 160, 163 n. 6 (5th Cir.1992), cert. denied, 507 U.S. 967, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993).
In their amended notice of removal, defendants assert that,
[i]f Plaintiff proves its case, it can recover its alleged lost profits from September, 2002, to the present, as well as some portion of Defendants' profits on sales attributable to their alleged use of Plaintiff's purported trade secrets. This would be, without question, a significant amount. In addition, attorneys' fees and punitive damages are properly considered in determining the amount in controversy.
(Doc. 21 at 3.) Plaintiff's attorney fees alone, defendants assert, will exceed $75,000. (Id. at 4.)
The parties recognize that the standard by which defendants must establish their burden is not perfectly clear in this circuit. Compare Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1081 (8th Cir.2003) (in a case before a federal court based on diversity jurisdiction, the court must acknowledge a lack of jurisdiction whenever it appears "to a legal certainty" that the claim is for less than the jurisdictional amount), with In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir.2003) (where the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by "a preponderance of the evidence" that the amount in controversy exceeds $75,000). Even if the "legal certainty" standard applies, this court is certain that defendants have satisfied their burden.
Defendants have shown by exhibits attached to their amended notice of removal that the amount in controversy exceeds $75,000. Cf. Larkin v. Brown, 41 F.3d 387, 389 (8th Cir.1994) (answers to interrogatories serve as the equivalent of affidavits *844 to support or defeat diversity jurisdiction). Such exhibits include an affidavit from Frank B. Janoski, an attorney with extensive experience with trade secret misappropriation claims. Referring to an attached American Intellectual Property Law Association "Report of the Economic Survey," as well as his personal knowledge of billing rates in the St. Louis area, Janoski avers that the attorney fees incurred by a plaintiff through trial in a trade secret misappropriation case in this jurisdiction would exceed $78,000, exclusive of costs. (Id. Exs. B-C.) Moreover, in addition to attorney fees and an unspecified amount of compensatory damages, plaintiff has requested punitive damages for defendants'"willful and malicious misappropriation of Synergetics' valuable trade secrets, and other wilful and malicious actions in this case." (Doc. 22 at 12.)
Although during oral argument plaintiff's counsel suggested that attorney fees were unlikely under Missouri law, plaintiff's initial petition, as well as its first amended petition, clearly seek attorney fees, as well as compensatory and punitive damages. See Bonondona v. Stat House, Inc., 94 Civ. 0788, 1997 WL 43614, at *1 (S.D.N.Y. Feb. 4, 1997) ("The amount in controversy is determined when the action is commenced."); see also Athena Automotive Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir.1999). Therefore, defendants have defeated plaintiff's motion to remand.
C. Amended motion to dismiss or to transfer
In support of their amended motion to dismiss the amended complaint or, in the alternative, to transfer to the District of New Jersey defendants first argue that dismissal is proper under Federal Rule of Civil Procedure 12(b)(2), because personal jurisdiction is lacking. They maintain that personal jurisdiction is lacking, because (1) three of the four bases for jurisdiction cited by plaintiff do not satisfy Missouri's long-arm statute, Mo.Rev.Stat. § 506.500, and (2) defendants' execution of confidentiality agreements in Missouri fails to satisfy the requirements of due process.[1] (Doc. 26 at 5-7.)
Next, defendants argue that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Id. at 7-14.) In support, they attach and rely on, inter alia, their personal affidavits (id. Exs. 1-2), an annual member directory of the American Academy of Ophthalmology (id. Ex. 3), and a sampling of the specific probes with which they claim to have worked and sold prior to employment with plaintiff (id. Ex. 4).
Finally, after assuming the court agrees that neither of them are subject to personal jurisdiction in Missouri, defendants urge transfer to the District of New Jersey, wherein Hurst consents to jurisdiction and McGowan resides. (Doc. 26 at 14-15.)
The Rule 12(b)(2) portion of defendants' motion hinges on whether the innocent acquisition of confidential information may provide a basis for personal jurisdiction in the district of acquisition. As discussed below (under II(D)), plaintiff seeks to clarify its claim for trade secret misappropriation and perhaps render moot the need to address the jurisdictional effect of innocent acquisition. Therefore, at this time, the court will not reach the merits of innocent-acquisition issue or discuss the cases carefully briefed by the parties after the June 25 hearing, as directed by the court.
In addition, because defendants rely heavily on matters outside the pleadings in support of their Rule 12(b)(6) arguments, *845 the court will deny without prejudice this portion of defendants' motion and allow these arguments to be brought in a summary judgment motion so that plaintiff may present evidence of its own. See Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Federal] Rule [of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); see generally Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 948 (8th Cir.1999) (discussing summary judgment conversion), cert. denied, 528 U.S. 1117, 120 S.Ct. 937, 145 L.Ed.2d 815 (2000).
D. Motion for leave to file a second amended complaint
The basis of this motion, according to plaintiff, is to "clarify that [its] claim for trade secret misappropriation includes an allegation that defendants wrongfully acquired the confidential information at issue."
Because (1) defendants have not opposed plaintiff's motion, (2) this action is still in its early stages, and (3) the amendment plaintiff seeks to add to the complaint may render moot the issue of whether innocent acquisition of confidential information may provide a basis for personal jurisdiction in the district of acquisition, the court will exercise its jurisdiction and allow the filing of a second amended complaint. See Fed.R.Civ.P. 15(a) (leave to amend a complaint after a responsive pleading has been served "shall be freely given when justice so requires"); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (the allowance of amendments to pleadings is within the sound discretion of the trial court; "in the absence of any apparent or declared reason  such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.  the leave sought should, as the rules require, be `freely given'"). The clarifications added to the second amended complaint must be limited, however, to that requested in plaintiff's motion.
For these reasons,
IT IS HEREBY ORDERED that the motion of defendants Charles Richard Hurst, Jr., and Michael McGowan for leave to file an amended notice of removal (Doc. 19) is granted.
IT IS FURTHER ORDERED that the motion of plaintiff Synergetics, Inc., to remand this case to state court (Doc. 14) is denied.
IT IS FURTHER ORDERED that defendants' motion to dismiss the original complaint or, in the alternative, to transfer (Doc. 10) is denied as moot.
IT IS FURTHER ORDERED that defendants' amended motion to dismiss the first amended complaint or, in the alternative, to transfer (Doc. 25) is, in part, denied without prejudice to the failure-to-state-claim issue being taken up pursuant to the Case Management Order in the form of a motion for summary judgment.
IT IS FURTHER ORDERED that plaintiff's motion for leave to file a second amended complaint (Doc. 39) is granted such that plaintiff may have ten (10) days from today to file a second amended complaint.
NOTES
[1] The filing of plaintiff's first amended complaint and defendants' motion to dismiss that complaint or to transfer renders moot defendants' previous motion to dismiss the original complaint or, in the alternative, to transfer. (Doc. 10.)